# SUPREME COURT.

PHILIP GRUSSY agt. CHARLES G. SCHNEIDER and another.

*A tender of interest money, when insufficient to prevent a foreclosure of mortgage for the principal.*

A tender, to be valid, must be made to the creditor, or to some person authorized to receive it on his behalf.

A bank check is not a legal tender; and where such a check is returned to the debtor promptly, with the information that the interest (the amount of the check) must be paid at the residence of the creditor immediately, or he will proceed to foreclose the mortgage for both principal and interest, and the debtor has ample time to act upon this information before the thirty days expire in which the principal will become due for non-payment of the interest, but chooses to regard a tender he had made of the interest to a person not authorized to receive it, and by whom it was refused on that express ground, as a valid tender in law, and to take the consequences, there is no good reason why equity should relieve him from a position in which he has voluntarily placed himself.

*New York Special Term, February,* 1875.

*George A. Black,* for plaintiff.

*William H. Arnoux,* for defendant Schneider.

VAN VORST, *J.* — The mortgagor claims to have tendered the interest due on the mortgage within thirty days after the 10th day of January, 1874, when the same was payable.

The facts in regard to the tender, stated shortly, are as follows: On the 9th January, 1874, the plaintiff, at Maspeth, Queens county, New York, his residence, wrote to the defend-

ant that the installment of interest was due, and "that he must come and see him."

On the twenty-sixth day of January, the mortgagor, at New York city, inclosed to the plaintiff his check on the West Side Bank, New York, dated the twenty-seventh day of January, for the interest due on the tenth previous.

The letter with the check inclosed was received by the plaintiff on the thirtieth day of January, at Maspeth.

The plaintiff brought the check to the city of New York, and delivered the same to George A. Black, an attorney and counselor at law, and requested him to return the check to the defendant. This was on or before the third of February. Mr. Black, on the fourth of February, returned the check to the defendant in a letter, in which he stated that he was instructed by the plaintiff to notify him that, he would not receive the check in payment of interest, as he had already told him he would not be troubled to collect his interest in that way. The letter closes as follows : " I am also instructed to say, that unless you pay the interest in full, at once, with interest on the sum from date when due, and eighteen dollars paid for insurance, he will foreclose the mortgage." The day after the receipt of his letter, the defendant, or a person in his behalf, called upon Mr. Black and tendered to him the amount of the interest due, in legal tender notes.

This was on the fifth or sixth of February. Mr. Black informed the person making the tender that he had no authority to receive the interest, and that the plaintiff desired the interest *paid to him at Maspeth.*

The person making the tender then stated that there was a letter from the plaintiff directing him (Black) to receive the interest. Mr. Black replied, that if such a letter was produced he would, of course, receive it. No such letter was produced, and Mr. Black declined to take the money.

Plaintiff testified that he gave Mr. Black no authority to receive the interest for him. That the bond and mortgage were not left with him, and Mr. Blake has testified

that plaintiff's instructions to him were to return the check to the defendant, and that upon such instructions he wrote the letter.

It cannot be well claimed that the check sent to the plaintiff on the twenty-sixth of January was a payment of the interest; what was subsequently done by the defendant shows that he did not so regard it. The plaintiff was not bound to accept a check as payment of the interest. It is true that the previous installment due in July, 1873, had been paid in that way. But the letter inclosing that check remained in the post-office at Maspeth several weeks before it was received by the plaintiff, and then only when the defendant called upon him to ascertain why he had not acknowledged its receipt.

Plaintiff and defendant then together went to the post-office, and received the letter and check. The plaintiff was ignorant of the letter being there.

The collection of that check entailed upon the plaintiff, who is a vendor of milk, some trouble incident to its presentment for payment. The check was drawn on a bank in New York, located up town, and was made payable to plaintiff's order. Before he could draw the money, he was obliged to be identified at the bank. Plaintiff says that on this occasion he notified defendant that he would not receive a check in future for interest, that he could not be troubled in that way. The defendant denies such notification.

But whether he gave such notification or not, plaintiff was not obliged to take an uncertified check for interest, and assume the trouble and risk incident to its collection. A check is not a legal tender — certainly not if objected to. It was the duty of the mortgagor, when the interest was due, to seek his creditor and tender the amount due to him or to his authorized agent (*Smith* agt. *Smith*, 25 *Wend.*, 405; *Smith* agt. *Smith*, 2 *Hill*, 351; *Toole* agt. *Turnbridge*, 2 *Mees. & W.*, 223).

Nor was the tender to Mr. Black on the fifth or sixth February good. Black's simple duty, under his limited employment, was to return the check. He had not been intrusted with the bond and mortgage, which would inform him of the amount due, and when due.

And, as he was not authorized to receive, he was in no position to indorse a payment of interest on the bond. Nor was there any hardship or trick in his refusal to receive. He frankly advised the party that he could not take the money, and stated that the same must be paid to the plaintiff at Maspeth.

And there was ample time in which such payment could yet be made, before the thirty days should expire, in which the interest might be paid, to protect a default through which the principal sum became due. A tender, to be valid, must be made to the creditor, or to some person authorized to receive it on his behalf. In *Kirton* agt. *Braithwaith* (1 *Mess. & W.*, 310) the attorney wrote to the debtor :

"I am instructed by my client, Mr. James Kirton, *to apply to you for payment* of the sum of £3 6s. 9d., due from you to him ; and I have to inform you that, unless the same, together with my charge, as under, is paid at my office by Wednesday next, at 12 o'clock, proceedings will be commenced against you, for the recovery thereof, without delay."

The items of the debt and charges were written under.

On Wednesday, at 10 o'clock, an agent of the debtor went to the attorney's office, and there saw a boy, to whom he tendered the amount of the debt only.

The boy refused to accept unless the attorney's charge was paid. *At* 11 *o'clock of the same day* the suit was commenced. The tender was held good.

The court held (PARKE, B., *dubitante*) that the letter which authorized the payment of the debt at the attorney's office, conveyed an implied authority that somebody would be there to receive what was justly due. There was no question in the case but that the attorney had been, and was authorized,

himself to receive the money, or that a tender to him would have been good. He was employed, as the letter showed, to collect and receive the debt. The only question was, whether a tender to the boy was sufficient.

" The attorney was bound either to attend himself, or to leave a clerk to receive it." It was an improper attempt, on the part of the plaintiff's attorney, to get the costs of the writ. But, in this case, as Mr. Black had not been employed, and was not authorized to receive the money, so he stated to the person who made the tender that he had no authority, but that the money must be paid to *the plaintiff at his residence*.

There is no evidence of a design to entrap the defendant into a default, so as to make the whole sum secured to be paid instantly due, or to involve him in the expense of a foreclosure suit. The complaint in this action was not verified until the *eighteenth day of February*, more than twenty days subsequent to the refusal, by Mr. Black, to receive the money. When a creditor keeps out of the way, to prevent a tender of the amount due him, a suit commenced by such creditor, for the recovery of the debt, will be stayed upon the payment of the amount due, without costs. But when a mortgagor has, from mere neglect, failed to perform his contract, whereby the whole debt becomes due and payable, according to the terms of the mortgage, the court will not interfere to relieve him without a tender of payment of the whole debt (*Noyes* agt. *Clark*, 7 *Paige* ; *Jervis* agt. *Ferris*, 28 *Barb.*, 29 ; *Dwight* agt. *Webster*, 32 *Barb.*, 47).

The defendant in this case does not claim that he has been deceived or led into his present condition by any surprise, trick or artifice. The plaintiff has not kept out of the way, but, on the other hand, advised defendant early where he could be found, and the interest might be paid. His check was seasonably returned ; and at the time of the alleged tender and refusal of the same, he was informed by Mr. Black that the interest might be paid to plaintiff — that he was not authorized to receive it.

Grussy agt. Schneider.

Defendant, had he been disposed to act upon this information, had ample time in which to pay before default. The defendant chose to regard the tender to a person not authorized to receive it, and by whom it was refused upon that express ground, as a valid tender in law, and to take the consequences. There is no good reason assigned why equity should relieve him from a position in which he seems voluntarily and upon full consideration to have placed himself.

As the tender was not good there must be judgment of foreclosure ordered.