## SUPREME COURT.

PHILIP GRUSSY, plaintiff and respondent, agt. CHARLES G. SCHNEIDER, defendant and appellant.

*Tender of interest — how and to whom made.*

A mortgage debtor must seek his creditor to pay the interest on his mortgage, if he is within this state, and for this purpose must go to the residence or place of business of the mortgagee.

A tender of interest, if not made to the creditor, must be to one authorized by him to receive it (*S. C.*, 50 *How. Pr.*, 134 [*where the facts appear*] *affirmed*).

*General Term, First Department, May,* 1876.

APPEAL from a judgment of foreclosure.

*Wm. H. Arnoux*, for appellant.

*Geo. A. Black*, for respondent.

BRADY, *J.* — The opinion of the learned justice who presided at the special term when this cause was tried, delivered by him (50 *How. Pr.*, 134), satisfactorily and fully disposed of the question presented on this appeal. It is only necessary to add to the cases cited by him that of *Hale* agt. *Patton* (60 *N. Y.*, 233), which had not been decided when his views were expressed. In that case it is determined that the mortgage debtor must seek his creditor to pay his interest, if he be within the state, and that rule rendered it obligatory upon the defendant herein to go to the plaintiff's residence or place of business and tender the interest. It also holds, substantially,

Grussy agt. Schneider.

what is in accord with the cases cited by justice VAN VORST, that a tender of the interest, if not to the creditor, must be to one authorized by him to receive it. If Mr. Black had been employed to collect the interest, his authority to receive it would be presumed and the tender would have been regarded as sufficient. It is clear, however, on the evidence, that Mr. Black was not employed to collect the interest, and he disclaimed authority to receive it on two occasions when it was tendered. The defendant was thus advised in time and suffers from his own laches if he suffer at all. The plaintiff asks the enforcement of his rights, and though it seems to be harsh to grant this demand, it cannot be avoided except by arrangement between him and the defendant.

For these reasons the judgment must be affirmed.

DAVIS, Ch. J., and DANIELS, J., concur.