R. C. NOBLE v. E. P. GREER *et al.*

MORTGAGE—*Indefinite Clause—Foreclosure.* The record examined, and *held,* that the clause in the mortgage upon which the alleged default is based is too indefinite and uncertain to authorize a default thereon, so as to enable the mortgagee to declare the mortgage absolute, and foreclose the same.

*Error from Cowley District Court.*

THE opinion states the case.

*Edwin White Moore,* for plaintiff in error.

*Joseph O'Hare,* for defendants in error.

Opinion by Strang, C.: In this action, which was to foreclose a mortgage, the plaintiff declared on a promissory note and real-estate mortgage given to secure the same, and alleged that by the terms of the mortgage the defendant was in default because of the non-payment of taxes, that the mortgage had become absolute, and the plaintiff was entitled to foreclosure of the same. All of the defendants answered, and the plaintiff replied. But upon the trial of the cause the defendants objected to any evidence being received under the petition, for the reason that the petition did not state facts sufficient to constitute a cause of action. This objection was sustained, and the cause dismissed at the cost of the plaintiff, who brings the case here for review. The only question in the case is, whether the petition showed such a default as gave the plaintiff the right to foreclose the mortgage. That portion of the plaintiff's petition which alleges default for the non-payment of taxes reads as follows:

"Plaintiff further shows, that taxes were duly levied on said described lands for 1887, to the amount of $24.80; that the defendants, and each of them, failed and neglected to pay said taxes for the year 1887, but made default in the whole of said payment, and that on the 15th day of August, 1888, the plaintiff paid, for and on account of said taxes on said described lands, the said sum of $24.80."

That part of the mortgage relating to the defaults reads as follows:

"And this conveyance shall be void if such payment shall be made as herein specified. But if default be made in such payments, or any part thereof, or interest thereon, or the taxes, or if the insurance is not kept up thereon, then this conveyance shall be due and payable; and it shall be lawful for the said party of the second part, his executors, administrators, and assigns, at any time thereafter, to sell the premises hereby granted, or any part thereof, in the manner prescribed by law."

An examination of the mortgage attached to the petition in this case fails to disclose any provision under which the mortgagor promises or agrees to pay any taxes, or to secure and

keep any insurance on the premises.   It is true that the default provision of the mortgage declares that "if default be made in such payments, or any part thereof, or the interest thereon, or the taxes, or if the insurance is not kept up thereon, the conveyance shall become due and payable," and the mortgagee may sell.   What taxes are referred to?   Taxes on the land described in the mortgage?   Probably.   But there is nothing in the mortgage to show what taxes are meant. What insurance is "to be kept up?"   And on what property is it to be kept up?   There is no agreement in the mortgage by which the mortgagor is to insure anything, and no provision pointing out what property is to be insured, nor what amount of insurance is to be kept thereon.   The usual provisions found in mortgages, whereby the mortgagor stipulates to pay the taxes on the premises mortgaged, and keep them insured, are omitted in this mortgage.   The debt sued on in this case was not due when the action was begun, except upon the theory that default had been made in the payment of taxes by the mortgagor. We are not willing to hold a debt, otherwise not due, to have become due by reason of a provision in a mortgage relating to defaults, when the mortgage contains no provision for payment of taxes by the mortgagor, and the only provision in the mortgage relating to taxes is as indefinite and uncertain as the one involved in this case, especially when the whole debt is now due, and if not paid at once, the mortgage may be foreclosed without further trouble in this respect.   It is recommended that this case be affirmed.

By the Court: It is so ordered.

All the Justices concurring.