(120 App. Div. 102.)

### PIZER v. HERZIG et al.

(Supreme Court, Appellate Division, First Department. June 14, 1907.)

MORTGAGES—FORECLOSURE—DEFAULT IN PAYMENT OF INTEREST.

Where a mortgage provided that, after 20 days' default in payment of interest, the mortgagee might, without notice, elect to consider the whole debt due and payable, the right to foreclose after such 20 days' default is not so unconscionable and oppressive as to deny the mortgagee relief in equity, where he did not induce the default, there was no fraud nor material mistake, and the default resulted from the mortgagor's own negligence; and such right is not affected by the fact that 11 days after expiration of the 20 days after default, a check was sent by mail, and was received on the day the complaint was verified and lis pendens filed, and on the day before the summons and complaint were served, such check being promptly returned.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, §§ 1160–1162.]

Lambert and Ingraham, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Leon Pizer against George W. Herzig and others. From a judgment dismissing the complaint and staying proceedings conditionally, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and LAMBERT, JJ.

Max Schleimer, for appellant.

Olcott, Gruber, Bonynge & McManus (William M. K. Olcott and T. B. Chancellor, on the brief), for respondents.

CLARKE, J.   In 1904 one Maurice Beckon gave a purchase-money second mortgage on premises on Madison avenue, near 114th street, in the city of New York, to Leon Pizer and Jacob Pizer, for the sum of $15,250.   By the terms of said mortgage $1,000 was to be paid on the 1st day of July, 1905, and a like sum annually thereafter until the 1st day of April, 1911, when the balance then remaining unpaid became due and payable.   Interest at the rate of 6 per cent. was payable semi-annually.   It was therein further provided:

"(3) And it is hereby expressly agreed that the whole of said principal shall become due at the option of said party of the second part after default in payment of any installment of the principal and interest for 20 days, or after default in the payment of any tax or assessment for 30 days after notice and demand."

The defendant purchased the property subject to the said mortgage. The principal had been reduced by the annual payment to $13,250, and interest thereon became due on the 1st day of October, 1906, and was not paid on said day, nor in 20 days thereafter.   On the 1st day of November, 11 days after the expiration of the time provided for payment after default, a check was sent by mail to the plaintiff for the amount of the interest due on October 1st.   On the 2d day of November the complaint herein was verified and the notice of lis pendens filed. On the 3d the summons and complaint were served upon the defendant, and on the 5th (the 4th being Sunday) he received back by mail his check, with a letter written upon the 3d, stating that the check was returned because it had been received after the lis pendens, summons, and complaint had been filed, that the defendant had defaulted and that the plaintiff elected that the whole principal should be due and payable.   On the 5th, after the receipt of this letter, legal tender was made of the interest and interest thereon, receipt of which was refused.   The answer admits the default and alleges that through mistake and inadvertence on his part defendant failed to enter on his books, kept for that purpose, payment of interest on the mortgage, and, relying upon his books for this purpose, defendant did not remember that said interest became due, and sets up the facts as to sending the check, its return, and the tender of cash.   The learned court found, in its findings of fact:

"That the failure to pay interest on October 1st was at most a technical default.   The plaintiff's security is adequate.   He had not been injured by the default, neither had his security been impaired in the slightest degree.   That the plaintiff having received a check for the payment of the interest before his complaint was verified and his lis pendens filed made it unconscion-

able for him to begin this action, and this action was begun by the plaintiff for the purpose of oppressing the defendant Herzig. That this court, being a court of equity, cannot be used for an inequitable and unjust purpose, and the power of this court should be exercised to prevent injustice and oppression."

And as a conclusion of law that:

"Upon the payment by the defendant of the interest referred to in the complaint, and the costs of this action to date, the complaint be dismissed. If the plaintiff, however, refuses to accept the amount of interest, I decide that the amount of interest, with costs, be deposited in court, and the proceedings of the plaintiff be stayed, and that the lis pendens filed herein be canceled."

And upon said decision the judgment here appealed from was entered. There are two questions presented by this record: First. Was the plaintiff entitled to commence the action to foreclose the mortgage at the time it was instituted? Second. If he had such a right, was it so unconscionable upon his part and so oppressive to the defendant that the court was warranted in refusing to permit him to exercise it?

First. It is clear that the original parties to the written contract under seal expressly agreed that 20 days after default in payment of the semiannual interest due, without notice, the mortgagee had the right to elect to consider the whole sum due and payable. This was an agreement upon a stated contingency to advance the time of payment of a conceded debt. It was a contract clearly expressed and within the power of the parties thereto to make. It is not suggested that in the making of the contract there was any deceit, mistake, or fraud, or that the defendant did not clearly understand the provisions thereof. The defendant being in default, the plaintiff elected to consider the whole sum due and payable, and evidenced this election by the commencement of the suit. "It is undoubtedly true that where, in order to entitle the plaintiff to bring an action for foreclosure, it appears upon the face of the complaint that it is necessary that some election shall be made, it has been held that the bringing of the suit is to be deemed an election." Beach v. Shanley, 35 App. Div. 566, 55 N. Y. Supp. 130. To the same effect: Hunt v. Keech, 3 Abb. Pr. 204; New York Security Co. v. Saratoga Gas Co., 88 Hun, 569, 34 N. Y. Supp. 890; Northampton National Bank v. Kidder, 106 N. Y. 221, 12 N. E. 577, 60 Am. Rep. 443. In Hothorn v. Louis, 52 App. Div. 218, 65 N. Y. Supp. 155, affirmed 170 N. Y. 576, 62 N. E. 1096, Mr. Justice Hirschberg said:

"The appellant's counsel cites no case, and we find none, which holds that a mortgagee must notify a mortgagor, in arrears because of nonpayment of interest, of an election to regard the entire principal as due before tender of the payment of interest as a condition of the making of such an election. Leaving out all the correspondence in the case, and the interviews between the defendant Louis and the plaintiff's husband, and limiting the case to the single fact that after the 30 days had expired the defendant then tendered the interest to the plaintiff and she refused to receive it, but brought an action to foreclose for the entire sum, principal and interest, her right to maintain the action would be absolute and undoubted."

In the case at bar the sending of a check by mail 11 days after the 20 days had expired, which was received upon the very day that the

complaint was verified and the lis pendens filed, and which was prompt-
ly returned, in no way interfered with the right of the mortgagee,
which had already accrued, to exercise his option.   In Rosche v. Kos-
mowski, 61 App. Div. 23, 70 N. Y. Supp. 216, Mr. Justice Spring said:

"However selfish the plaintiff may have been in refusing to accept his ten-
der, there was no legal obligation upon him to do so.  His right to avail him-
self of the option had then become effective.  It was a valuable right, and,
when once operative, could not be made nugatory by the efforts of the mort-
gagor to compel him to accept payment in court."

"And if," said ·Chancellor Walworth in Noyes v. Clark, 7 Paige,
179, 32 Am. Dec. 620, "from the mere negligence of the mortgagor
in performing his contract, he suffers the whole debt to become due
and payable according to the terms of the mortgage, no court will in-
terfere to relieve him from the payment thereof according to the con-
ditions of his own agreement."

There is a class of cases cited in the opinion of the learned trial
court and in the brief of the respondent, many of which were con-
sidered by the Appellate Division in Hothorn v. Louis, supra, where
the court has refused to foreclose upon default.   Upon examination
these cases fall within one of two classes:   First, where the default
has been, not in the payment of the interest, the time for the payment
whereof is known to the mortgagor and fixed by the terms of his con-
tract, and for a default in which he has simply agreed for an advance
in the time of payment, but in payment of taxes or assessments, neither
the amount nor the time for payment of which were fixed in the in-
strument or could be known to the mortgagor without investigation
or information de hors the mortgage.   In those cases it has been con-
sidered that for such a default the foreclosure would be rather in the
way of a forfeiture or penalty, while the simple acceleration of the
time of payment of the whole sum upon default in interest has not been
considered as either a forfeiture or a penalty.

An illustration of this class of cases is Noyes v. Anderson, 124 N.
Y. 175, 26 N. E. 316, 21 Am. St. Rep. 657.   In that case, after the
mortgage debt had become due and payable and an action for fore-
closure had been instituted, an independent contract was entered into
under which the plaintiff agreed that during the life of the defendant
and for a year after her decease he would not institute any proceed-
ings to enforce the bond and mortgage so long as the prior mortgage
remained unforeclosed and no interest on said prior mortgage remain-
ed unpaid for more than 30 days, and so long as no taxes or assess-
ments on said premises remained unpaid and in arrears for more than
30 days.   The complaint alleged that the premises were incumbered
by an assessment for sewer improvements amounting to $25.   The
defendant in her answer alleged that she had no knowledge of such
assessment until a certain date, when she promptly caused it to be paid.
The court said that the purpose of this independent agreement was to
obtain and give protection to the defendant's estate, consisting of her
equity of redemption, and the effect, therefore, given to her default
by foreclosure of the mortgage, would be the forfeiture of her estate
in the premises.   "The stipulation of the plaintiff's agreement essential-
ly differs in its nature and object from a provision in a mortgage to

the effect that the principal sum shall become due on a specified default in the payment of interest as provided by it. In the latter case, provision is so made for the time when the principal sum may become due, and that time is regulated by an event which may or may not occur, so far as it is dependent upon the default of the mortgagor. The consequence so produced is not deemed a forfeiture. * * * And in such case the court, as a rule, will not grant relief to the mortgagor from the effect of his default, when nothing is done on the part of the mortgagee to render it unconscionable for him to avail himself of it." So in Ver Planck v. Godfrey, 42 App. Div. 16, 58 N. Y. Supp. 784, there was a default in the payment of taxes, and in that case there had been a deposit as for future payment of the interest. There was an unconscionable action by the plaintiff, and there was a written waiver of default, as the court found, for all of·which reasons the foreclosure was refused.

As to the other class of cases, a foreclosure has been refused where, by the course of dealings between the parties, the mortgagor has been induced by the mortgagee to suffer the default. In French v. Row, 77 Hun, 380, 28 N. Y. Supp. 849, the interest was paid, and the mortgagee had made a written declaration to that effect, and he was relieved because the course of dealings between him and the mortgagee was such as to make it unconscionable to foreclose. So in Isaacs v. Baldwin, 105 N. Y. Supp. 38, affirmed without opinion 100 N. Y. Supp. 1122, 114 App. Div. 903, the mortgagee removed from his residence for the express purpose of luring the mortgagor into a default in the payment of interest. The court held that it would not permit a mortgagee to practice fraud upon the mortgagor, and refused to hold that the mortgagor was in default of payment of interest. So in Schieck v. Donohue, 92 App. Div. 330, 87 N. Y. Supp. 206, a foreclosure was refused; the court saying:

"The plaintiff was not at liberty to elect that the entire principal should become due on account of a default in the payment of interest for which he himself was responsible."

It appeared that before the interest became due the plaintiff changed his residence and gave the appellant no notice of that fact, and appellant after diligent inquiry was unable to ascertain his residence.

Second. There is nothing in the record in this case, as it appears to me, which should cause a court of equity to refuse the relief prayed for. The default in the payment of interest was not induced by anything that the mortgagee did or refrained from doing. The mortgagor was lulled into no sense of security, and there were no acts of the mortgagee 'upon which he relied. He alleges no fraud and no mutual mistake. His sole answer is that the default was a result of· his own negligence, and for that the court will not interfere to relieve him from the payment according to the condition of his own agreement. Noyes v. Clark, supra; Dwight v. Webster, 32 Barb. 47; Grussay v. Schneider, 50 How. Prac. 134; Noyes v. Anderson, supra. I fail to see oppression of the defendant in calling upon him to pay a sum concededly due at the time fixed by the contract, and which the case shows that he asserts he is able to pay.

The judgment, therefore, should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

LAUGHLIN and SCOTT, JJ., concur.    LAMBERT, J., dissents.

INGRAHAM, J. (dissenting). I should agree with Mr. Justice CLARKE, if this plaintiff had, before the actual receipt of the check for the interest, exercised the election that the principal sum of the mortgage should be presently due and payable; but, so far as appears, however, no such election had been made before the actual receipt of the check for the interest that was due. When, therefore, he attempted to exercise such election, it must be assumed that he had in his possession the check for the interest sent by the defendant, and at that time he had not returned the check or disaffirmed the payment of the interest. It is disclosed by the evidence that it had been the custom of the defendant to pay the interest by checks, which had been received by the mortgagor without objection. The evidence is undisputed that the check was good, and when it was subsequently returned by the plaintiff no objection was taken upon the ground that it was a check, and not money, that had been tendered to pay the interest. The contract did not provide that the principal sum should be immediately due and payable upon a default of 20 days in the payment of interest, but that, if such a default existed, the mortgagee should have the option to declare the principal sum due and payable. When, therefore, this defendant sent the check for the interest and the plaintiff received it, the principal sum was not due; the only amount due being the interest. The evidence being that that check was deposited in the post office directed to the plaintiff on the 1st of November, it must be assumed that it was delivered to the defendant on the morning of the 2d. Before, therefore, he had exercised his option and declared the principal sum to be presently due, he had in his possession a check for the interest.

In all the cases in which it has been held that a court of equity had no power to relieve a mortgagor from such a default, it appeared that the election had been exercised, so that the amount was actually due and payable, before the mortgagor offered to pay the interest that was in default. It seems to me there is a clear distinction between such cases and a case where the interest due was actually tendered before any election had been made, so that, when the interest was actually tendered, the only amount due was the interest, and that where the obligor has made a tender of the actual amount due upon his obligation at the time of the tender it gives to a court of equity the power, when an action is brought to enforce the obligation, to relieve the party from the effect of a failure to pay the interest or the amount due, which was attempted to be exercised after the tender was made. What was said by Mr. Justice Hirschberg in Hothorn v. Louis, 52 App. Div. 218, 65 N. Y. Supp. 155, affirmed 170 N. Y. 576, 62 N. E. 1096, related to a case where the mortgagee had elected to have the amount declared due, and had brought an action to foreclose the mortgage, before any tender was made or any attempt by the obligor to comply with his obligation.

I think, therefore, the court had power to make the judgment appealed from, and that, as by its provisions the plaintiff was in all respects fully protected, it should be affirmed.