JAMES A. TROWBRIDGE, Appellant, *v.* MALEX REALTY CORPORATION and Others, Defendants, Impleaded with COLLEGE HOLDING Co., INC., Respondent.

First Department, December 2, 1921.

Mortgages — foreclosure by action — right to foreclose based on default in payment of interest on prior mortgage — mortgagor relieved from forfeiture where default was unintentional and mortgagee's security not impaired.

In an action by a second mortgagee to foreclose his mortgage based on a technical default by the mortgagor in the payment of interest on a prior mortgage, the court, in the exercise of its equity powers, will relieve the mortgagor from the forfeiture resulting from its default, and dismiss the complaint upon the payment of taxable costs to the plaintiff, where it appears that the mortgage in suit was given by a third party to the plaintiff as a purchase-money mortgage; that on the same day said third party conveyed the premises in question to the defendant subject to said mortgage; that the premises were incumbered by a first mortgage; that the mortgage in suit provided that it was subject and subordinate to said first mortgage and that should " any default be made in the payment of the interest on said prior mortgage, and should such interest remain unpaid and in arrears for the space of ten days " then the amount secured by the mortgage should become due and payable at the option of the mortgagee; that said first mortgage contained a provision that on default in payment of interest for thirty days the whole principal sum would become due at the option of the mortgagee; that the mortgage in suit did not show when the interest on said first mortgage was due nor the amount thereof; that through inadvertence the defendant failed to pay the interest on said first mortgage, which became due shortly after the mortgage in suit was given; that within thirty days thereafter and without any demand on the defendant to pay said interest, notice of pendency of action was filed in this suit and shortly thereafter the summons and complaint was served herein on tenants of the defendant; that within one-half hour after the service of the summons and on the first business day after it had notice of the pendency of the action the defendant paid the then overdue interest, and that between the time when the defendant acquired the property and the commencement of this action the defendant had reduced the principal of said first mortgage by a substantial sum.

DOWLING, J., dissents.

APPEAL by the plaintiff, James A. Trowbridge, from a judgment of the Supreme Court in favor of the defendant College Holding Co. Inc., entered in the office of the clerk of the county of New York on the 10th day of July, 1920, upon

the decision of the court rendered after a trial at the New York Special Term.

*Middleton S. Borland* of counsel [*Percy F. Griffin* with him on the brief], for the appellant.

*Jacob R. Schiff* of counsel [*Samuel W. Dorfman* with him on the brief; *Morrison & Schiff*, attorneys], for the respondent.

MERRELL, J.:

This action was brought to foreclose a second mortgage, given January 24, 1919, by the defendant Malex Realty Corporation to the plaintiff to secure the payment of $30,500, said sum being a part of the purchase price of the mortgaged premises that day conveyed by the plaintiff to the said defendant. The mortgaged premises are situate at No. 728 West One Hundred and Eighty-first street, in the borough of Manhattan, city of New York. The foreclosure was by reason of default in the payment of interest on a prior mortgage upon the same premises. On the same day of the conveyance of the mortgaged premises by the plaintiff to the Malex Realty Corporation, and simultaneously therewith, the Malex Realty Corporation conveyed the said premises to the defendant College Holding Co., Inc., subject to said purchase-money mortgage thereon. On the same day the said Malex Realty Corporation also conveyed to the defendant College Holding Co., Inc., the premises known as Nos. 736–738 West One Hundred and Eighty-first street, borough of Manhattan, city of New York, which premises are adjacent to those covered by the mortgage sought to be forclosed. Both the mortgaged premises in suit and the said adjacent premises were at the time of said conveyance to the defendant College Holding Co., Inc., incumbered by first mortgages, both of which prior mortgages were held and owned by the Lawyers Mortgage Company. At the time of the conveyance of the mortgaged property in suit to the defendant College Holding Co., Inc., there remained unpaid upon the prior mortgage held by the Lawyers Mortgage Company the sum of $132,500. Interest upon said last-mentioned prior mortgage became due and

payable on the first day of March following such conveyance, and was payable quarterly thereafter in each year. The interest upon the prior mortgage held by the Lawyers Mortgage Company on the adjacent property simultaneously conveyed to the defendant College Holding Co., Inc., was due and payable on the first days of April, July, October and January in each year. Interest on the mortgage in suit was, by the terms thereof, also due and payable on the first day of April, 1919, and thereafter quarter-annually on the first days of July, October, January and April in each year.

The mortgage in suit contained the following provision:

" This mortgage is subject and subordinate to a mortgage given to secure the payment of One hundred and thirty-two thousand, five hundred ($132,500) (originally $142,000) Dollars and interest, recorded in the office of the Register of the County of New York in Liber 74 of Section 8 of mortgages, page 346, now a prior lien on said premises.

" And it is hereby expressly agreed, that should any default be made in the payment of the interest on said prior mortgage, and should such interest remain unpaid and in arrears for the space of ten days, or should any suit be commenced to fore-close said prior mortgage, then the amount secured by this mortgage and the accompanying bond shall become and be due and payable at any time thereafter at the option of the owner or holder of this mortgage."

The prior mortgage upon the premises in suit was given February 20, 1911, by John M. Linck Construction Co., Inc., to the Lawyers Title Insurance and Trust Company to secure the payment of the sum of $142,000 and interest. Said prior mortgage was thereafter assigned to the said Lawyers Mortgage Company, which held and owned the same during all the times mentioned in the complaint herein. The said prior mortgage contained the following provision: " And it is hereby expressly agreed that the whole of said principal sum, or so much thereof as may remain unpaid shall become due at the option of the said mortgagee after default in the payment of any instalment of principal, or in the payment of interest for thirty (30) days, or after default in the payment of any tax or assessment for sixty (60) days after notice or demand, or in case of the actual or threatened demolition or removal of any building erected

on the said premises, anything herein contained to the contrary notwithstanding."

As before stated, payments had been made on the principal of said prior mortgage so that at the time of the conveyance of the mortgaged premises herein to the defendant College Holding Co., Inc., there remained due thereon of principal the sum of $132,500. Between the date when the defendant College Holding Co., Inc., acquired title to said premises and the commencement of the present action, the said defendant College Holding Co., Inc., paid to the Lawyers Mortgage Company in reduction of the principal of said prior mortgage the sum of $2,500.

Interest upon the prior mortgage upon the premises in suit became due and payable on March 1, 1919, and the defendant College Holding Co., Inc., defaulted in the payment of said interest for more than ten days. It is quite evident that defendant's default arose from the fact that the interest date on both the prior mortgage on the adjacent premises, also held by the Lawyers Mortgage Company, and which premises were conveyed to the defendant simultaneously with the conveyance of the mortgaged premises, and upon the mortgage in suit was April first, and that the defendant assumed that the interest date upon the prior mortgage upon the premises in suit was also April first. The mortgage in suit being silent as to the date when the interest on the prior mortgage fell due, the defendant College Holding Co., Inc., by reason of the interest dates on the two mortgages in which it was directly interested falling on April first, was lulled into a sense of security and was undoubtedly led to believe that the interest date on the prior mortgage on the premises in suit was likewise on April first.

It must also be borne in mind that under the terms of the prior mortgage, the mortgagee could only exercise the option of calling the entire unpaid principal due after default in the payment of interest for *thirty days*. Prior to the expiration of said thirty days and on March 24, 1919, and without any request on the part of the plaintiff that the defendant College Holding Co., Inc., should pay said interest on said prior mortgage, and without the plaintiff himself paying the same, the plaintiff filed with the clerk of the county of New York

a notice of pendency of action and summons and complaint for the foreclosure of the mortgage in suit. The present action, however, was not commenced by the service of the summons and complaint upon any of the defendants until March 26, 1919, when the said summons and complaint were served upon the defendants Abel King and Isaac Schorsch, neither of whom was connected in any way with the defendant College Holding Co., Inc., except as a tenant of the mortgaged property. On the day following the filing of the *lis pendens,* summons and complaint herein, and on March 25, 1919, discovery was made by an officer of the defendant College Holding Co., Inc., through an item in a daily newspaper, that notice of pendency of action had been filed. Said official of the defendant at once communicated by telephone with the attorneys for the plaintiff to ascertain the cause of such foreclosure, and was informed that it was by reason of the default in payment of the interest on the first mortgage. That day, March 25, 1919, was observed as a public holiday in the city of New York by reason of the reception to the Twenty-seventh Division of the United States Army upon its return from France, and the office of the Lawyers Mortgage Company was closed on that day for the transaction of business. On the day following, March 26, 1919, at ten o'clock in the forenoon, the defendant College Holding Co., Inc., paid to the Lawyers Mortgage Company the sum of $1,794.38, interest on said prior mortgage which became due and payable on March 1, 1919. Said interest was paid but one-half hour after the commencement of this action by the service of the summons and complaint upon said tenant defendants and prior to the service of the summons and complaint upon the defendant College Holding Co., Inc. Pending the present action, and following the payment aforesaid, the following payments on account of principal and interest on the mortgage under foreclosure herein have been made to the plaintiff: On April 4, 1919, the sum of $1,235, representing $625 of principal due the 1st day of April, 1919, and interest at six per cent thereon from December 1, 1918, to April 1, 1919; on July 2, 1919, $625 of principal due July 1, 1919; on July 11, 1919, $448.12, interest at six per cent from April 1, 1919, to July 1, 1919; on October 3, 1919, the sum of $1,063.75, representing principal

due October 1, 1919, and interest at six per cent thereon from July 1, 1919, to October 1, 1919.

The aforesaid payments were made by the defendant or in its behalf and received by the plaintiff upon the stipulation and agreement in writing that they were made and accepted " without prejudice to the rights of either plaintiff or any of the defendants in this action, and without affecting the said action in any manner whatever, except in so far as the payments might decrease the amount due on the said mortgage under foreclosure herein."

The defendant College Holding Co., Inc., was not liable on the bond or on any agreement for the payment of principal and interest on said first mortgage. The payment ·of the interest upon the prior mortgage was no obligation of the defendant. The only concern which, the defendant College Holding Co., Inc., had in the payment of the interest on the prior mortgage was to prevent the acceleration of the due date· of its mortgage at the option of the holder thereof. The situation is quite different, it seems to me, from what it would be if the clause in question related to default in the payment of interest on defendant's mortgage, for which payment defendant was obligated. The clause of the mortgage whereby the plaintiff sought to accelerate the due. date specified neither the amount to be paid nor the time when such payment of interest on the prior mortgage was to be made. Only by searching out the terms of the prior mortgage could the defendant ascertain when and how much it was required to pay.

The learned trial court has held that the court, in the exercise of its equity powers, should relieve the defendant from the mere technical default upon which the plaintiff has seized as an excuse for its present action of foreclosure, and that equity will intervene to relieve the defendant College Holding Co., Inc., from the forfeiture resulting from its default in the payment of said interest on the prior mortgage within ten days after the same became due and payable, upon payment of taxable costs to the plaintiff. (See 111 Misc. Rep. 211.)

It seems to me that by every rule of equity and justice the decision of the trial court should be upheld. The evidence fully justified the trial court's finding that there was no willful

neglect on defendant's part in not paying the interest on the first mortgage within the ten days of grace allowed by the terms of the mortgage in suit. The provision of the mortgage in suit permitting the mortgagee, at his option, to declare the entire unpaid principal and interest due after ten days' default in payment of the interest upon the prior mortgage, or, in case any suit should be commenced, to foreclose said prior mortgage, was manifestly for the protection of the plaintiff's security. Under the terms of the prior mortgage, no suit could have been brought for the foreclosure thereof until after default in the payment of interest for thirty days after the same became due. The plaintiff certainly was in no jeopardy, nor was the danger to his security in any degree increased until after the default of thirty days in the payment of the interest on said prior mortgage. Beyond all this, the substantial payment by the defendant College Holding Co., Inc., upon the principal of the prior mortgage, prior to the commencement of the present action, materially enhanced the plaintiff's security.

As to the power of a court of equity to relieve a mortgagor from a mere technical default in payment where such default is not willful, there can be no doubt. (*Germania Life Ins. Co. v. Potter,* 124 App. Div. 814; *Ver Planck v. Godfrey,* 42 id. 16; *Shaw v. Wellman,* 59 Hun, 447; *Noyes v. Anderson,* 124 N. Y. 175.)

In *Noyes v. Anderson.* (*supra*) the mortgage sought to be foreclosed contained a provision that no foreclosure would be attempted so long as no taxes or assessments on said premises remained unpaid. A long default occurred in the payment of taxes, and the plaintiff brought action to foreclose the mortgage. The day prior to the service of the summons the taxes were paid by the mortgagor. Nevertheless judgment of foreclosure was decreed. The Court of Appeals reversed said decree upon the principle that equity will relieve a mortgagor from forfeiture or penalty not occurring from willful neglect. Judge BRADLEY, writing for the Court of Appeals, said: " This is upon the principle of equity jurisprudence that a party having a legal right shall not be permitted to avail himself of it for the purposes of injustice or oppression. The doctrine was applied to relieve a mortgagor from the forfeiture to which he

was subjected, and an obligor from the penalty with which he was chargeable by the common law on default.  *  *  * This relief will not be afforded in cases where the default and forfeiture have been occasioned by the willful neglect of the party seeking it."

In *Germania Life Ins. Co.* v. *Potter (supra)* it was said: " It is true that in the present case there was no offer to repay the taxes before action was commenced, but the action was begun so quickly there was no opportunity to do so.  As soon as it became apparent that the respondent was insisting upon its advantage, the appellant did tender all taxes that had been paid, with interest thereon, as well as the costs of the action.

In the case of *Ver Planck* v. *Godfrey* (42 App. Div. 16) the default consisted of failure on the part of the owner of the mortgaged premises to pay taxes which had become due, and the court held that a foreclosure of the mortgage there in suit should not be decreed.  Mr. Justice McLAUGHLIN, writing for this court, said: " Upon the foregoing facts we are at a loss to understand upon what equitable principle a judgment of foreclosure and sale could be decreed.  At most, there was but a technical default in the payment of the taxes, which were promptly paid by the mortgagor as soon as her attention was called to them.  The plaintiff had not been injured by the default;  neither had her security been impaired or diminished in the slightest degree.  The payment of the taxes before the commencement of the action restored the parties to their original positions, and the complaint should, therefore, have been dismissed."

The plaintiff, appellant, insists that the provision contained in the mortgage in suit permitting the holder of the mortgage, at his option, to declare the entire amount of principal and interest unpaid to be due upon default for ten days in payment of the interest upon the prior mortgage is a valuable property right, and that equity cannot intervene to take away from the plaintiff such right.  The plaintiff, appellant, relies upon the case of *Pizer* v. *Herzig* (120 App. Div. 102) as authority sustaining his position in this respect.  In *Pizer* v. *Herzig* the acceleration clause permitted the mortgagee to call the whole amount due upon default in the payment of interest in the mortgage sought to be foreclosed, whereas, in the case at bar,

the default is in the payment of the interest upon a prior mortgage, and right there, it seems to me, rests the distinction between *Pizer* v. *Herzig* and the case at bar and destroys the former case as an authority for plaintiff's contention here, and in reality *Pizer* v. *Herzig* sustains the action of the trial court below. Mr. Justice CLARKE, in writing for a majority of this court in *Pizer* v. *Herzig*, pointed out with great clearness the distinction between default in the payment of an indebtedness due under a mortgage sought to be foreclosed and a default in the payment of some other incumbrance. Mr. Justice CLARKE said in *Pizer* v. *Herzig* (*supra*, 106):

" There is a class of cases cited in the opinion of the learned trial court and in the brief of the respondent, many of which were considered by the Appellate Division in *Hothorn* v. *Louis* [52 App. Div. 218], where the court has refused to foreclose upon default.

" Upon examination these cases fall within one of two classes. *First*, where the default has been not in the payment of the interest, the time for the payment whereof is known to the mortgagor *and fixed by the terms of his contract*, and for a default in which he has simply agreed for an advance in the time of payment, but for default in payment of taxes or assessments, *neither the amount nor the time for payment of which were fixed in the instrument or could be known to the mortgagor without investigation or information dehors the mortgage.* In those cases it has been considered that for such a default the foreclosure would be rather in the way of a forfeiture or penalty, while the simple acceleration of the time of payment of the whole sum upon default in interest has not been considered as either a forfeiture or a penalty." (Italics are the writer's.)

It seems to me the distinction thus pointed out by Mr. Justice CLARKE is peculiarly applicable to the present case, where, beyond any question, " neither the amount nor the time for payment " was fixed in the instrument, or " could be known to the mortgagor without investigation or information *dehors* the mortgage." That being so, the exercise of the option by the plaintiff upon defendant's default in the payment of the interest on the prior mortgage created a penalty or forfeiture from which the defendant should be relieved. The plaintiff

suffered no injury by such technical default.   In less than two months after the sale of the property by the plaintiff and the execution of the mortgage in suit, and notwithstanding a substantial payment upon the principal of the prior mortgage, the plaintiff takes advantage of defendant's technical default in failing to pay the interest on the prior mortgage upon the property, without any notice or demand upon defendant requiring the payment thereof.

Under the circumstances of this case, it seems to me, defendant's default in the payment of such interest worked a forfeiture from which the court properly relieved the defendant where it so clearly appeared that the plaintiff was fully indemnified from loss arising from the defendant's default. The distinction between a requirement to pay taxes upon the property and to pay interest upon the mortgage itself is clearly pointed out in *Pizer* v. *Herzig* (*supra*).

In *Shaw* v. *Wellman* (59 Hun, 447) the bond and mortgage sought to be foreclosed contained a clause that upon failure to pay the taxes upon the mortgaged premises, the whole amount secured to be paid thereby, at the option of the holder of the mortgage, should become due.   It was said in that case that " The object to be attained by this part of the mortgage was to prevent the security from being reduced or diminished by the unnecessary existence of taxes upon the property.   It was for the benefit of the security and its complete preservation." It appeared that the taxes, by reason of the non-payment of which the mortgagee declared the mortgage debt due and commenced foreclosure, were paid after the commencement of the action, and such payment was alleged by way of supplemental answer as a defense to the action.   The court said: " This payment in its effect fully restored all the rights intended to be protected by this part of the mortgage.   It indemnified both the plaintiff and his assignee against all possible prejudice or loss arising from the default.   And when that appears to be the fact, it is the policy of courts of equity to consider the default to have been redeemed by the payment.   (2 Story's Eq. 5th ed., § 1314.) When indemnity can, in this manner, be secured, and that shall in fact be made, then the rule in equity is not to enforce the forfeiture otherwise coming into existence.   (Id. § 1319.)"

By stipulation entered into by the parties at the close of the trial it fully appeared that the interest upon the prior mortgage was paid by the defendant on March 26, 1919.   Thus it appears to be well settled that a court of equity would have relieved the defendant had its default consisted in failure to pay taxes upon the property.   I can see no reason for not applying the same rule to a default in the payment of interest upon a prior mortgage.   There can be no doubt but that the clause for the payment of such interest was "for the benefit of the security and its complete preservation."   And where it so clearly appears, as it does in the case at bar, that the plaintiff has been fully indemnified, equity should relieve the defendant from a mere technical default in the payment of interest on the prior mortgage.

Beyond any question there was no willful neglect on the part of the said defendant in its failure to pay said interest on said prior mortgage within the ten days of grace allowed by the provisions of the mortgage in suit.   There can be no doubt but that the rights of the plaintiff and his security were amply protected by the payment of the interest on the prior mortgage on March 26, 1919.   Under the provisions of the first mortgage no foreclosure could have been commenced by the holder thereof by reason of the non-payment of interest until the expiration of thirty days from March 1, 1919.   At the time of the trial nothing was past-due on account of the bond and mortgage in suit, and there were no arrears of interest on the first mortgage and all taxes and assessments had been paid.   Not only that, but the security of the plaintiff for his mortgage debt was substantially enhanced by the payment by the defendant of the $2,500 upon the prior mortgage after the conveyance of said premises to the defendant and prior to the commencement of the present action.   Such payment on the principal of the prior mortgage demonstrated defendant's intention to carry out its contract, and negatives any willful neglect on the part of said defendant in not paying the interest on the prior mortgage which fell due on March 1, 1919.

The judgment herein, providing that, upon the payment by the defendant College Holding Co., Inc., of the full taxable costs and disbursements of the plaintiff herein, the defendant be relieved of the forfeiture by reason of its default in the

payment of the interest upon the prior mortgage, and that plaintiff's complaint be dismissed upon the payment of said costs and disbursements, and upon the failure of the defendant. to pay said costs and disbursements, as aforesaid, judgment of foreclosure be granted plaintiff, with costs of the action, amply protected all of the plaintiff's rights.

The judgment appealed from is sustained by every principle of equity, and should be affirmed, with costs of this appeal to the respondent.

CLARKE, P. J., PAGE and GREENBAUM, JJ., concur; DOWLING, J., dissents.

Judgment affirmed, with costs.