JENNIE McKEE, Executrix, Appellant, v. HELEN J. STEWART, Appellee.

No. 40737.

, MARCH 10, 1931.

*McNeil & Scovel,* for appellant.

*Rayburn & Rayburn, for appellee.*

KINDIG, J.—On February 10, 1927, Helen J. Stewart, the defendant-appellee, executed to David McKee, Jr., a promissory note in the sum of $27,000, due March 1, 1932. According to the record, this note contained the following provision concerning interest: *"Five per cent interest after March 1, 1927, payable annually."* (The italics are ours). In addition to the foregoing, the note embodied many conditions, including this:

"Upon failure to pay said interest when due, the holder may elect to consider the whole amount due and may proceed to collect at once."

After the execution of that note, David McKee, Jr., the payee therein, died, and Jennie McKee was duly appointed, and is now, the qualified and acting executrix of his estate. She, as such executrix, is the plaintiff-appellant. At the time the note was executed, appellee duly made and delivered to the aforesaid David McKee, Jr., a mortgage covering certain real estate in Poweshiek County, for the purpose of securing the indebtedness. Contained in the mortgage is a provision to this effect:

"And it is further agreed, if default shall be made in the payment of said sums of money [principal and interest] or any part thereof, principal or interest * * *, then the whole indebtedness shall become due, and the said party of the second part [David McKee, Jr., above named], his heirs, or assigns may proceed by foreclosure, etc."

All interest was duly and timely paid on the note until March 1, 1930. A dispute arises concerning whether the interest was paid at that time. The district court held that it was; but, because the appellant disagrees therewith, this appeal is taken.

To more fully understand the single question involved, it is necessary that amplification here be made. It is to be recalled that the note was dated February 10, 1927, but embodied the following provision concerning interest: "Five per cent interest after March 1, 1927, payable annually." Appellee contends

that the interest was not payable on March 1, 1927, and accordingly was not due on March 1, 1930. Her idea is that such interest accrued on March 2, 1927, and necessarily, then, on March 2, 1930. This conclusion is reached by appellee on the theory that "after," as used in the interest provision named in the note, was sufficient in its meaning to avoid the payment of interest on March 1, 1930. Under appellee's theory, such interest did not begin until after March 1st, which, of course, would be on March 2d. In 1930, March 2d was on Sunday. Therefore, appellee maintains that she was entitled to pay such interest on March 3d, which happened to be the Monday following. If appellee is correct in believing that the interest was due on March 2d, then, of course, the same would not be collectible until the day following the Sunday. Section 9546 of the 1927 Code provides:

"Every negotiable instrument is payable at the time fixed therein without grace. When the day of maturity falls upon Sunday, or a holiday, the instrument is payable on the next succeeding business day. * * *"

That section applies in the case at bar, because the instrument here concerned, the parties agree, is negotiable. There is no denial that March 2, 1930, fell upon Sunday. Consequently, each party admits that the following business day was Monday, March 3d. So, appellee declares that, if she is right in her construction of the note and mortgage concerning the due date for interest, the judgment and decree of the district court should be affirmed. But, on the other hand, appellant theorizes that, if her contention is sustained by the record, then there must be a reversal. As will appear hereinafter, the decisive principle is not exactly the one thus proposed by either litigant.

Appellant urges that the interest was not payable on March 2d of each year, but on March 1st thereof. Such conclusion is reached by appellant upon the theory that "after," as used in the note, is to be considered equivalent to "from and after," or "on and after," as utilized in negotiable instruments, and therefore would include March 1st. If this be assumed to be true, the interest in question would be payable on March 1, 1930, and therefore the appellee was delinquent in the payment thereof, because she did not satisfy the interest obligation until

March 3d thereafter. Parenthetically, it is noted that appellee paid the interest in question to appellant on March 3, 1930, with the understanding, however, that such payment would not prejudice the latter in this foreclosure suit. Under the circumstances, then, did the district court properly sustain appellee's motion to dismiss appellant's petition, praying for foreclosure? As before indicated, no other question is presented for our consideration.

The basis for appellee's motion to dismiss was the fact, previously suggested, that no interest accrued until March 3, 1930. Within the purview of that motion, appellee argues that there was no delinquency, because of the aforesaid interest payment on March 3d. When determining what is meant by the word "after," it is necessary to know the intention of the parties in the use thereof. Such intention will be found by referring to the context of the note and mortgage and its relation to the subject-matter involved. 2 Corpus Juris 395; *New York Tr. Co. v. Portland R. Co.*, 197 App. Div. 422 (189 N. Y. Supp. 346). Of course, if the parties clearly agree upon an acceleration clause based on the nonpayment of interest, the contract will be enforced. *Collins v. Nagel*, 200 Iowa 562. However, there are instances where equity will not declare a forfeiture under such acceleration clause. *Blackman v. Carey*, 192 Iowa 548. Likewise, equity will not aid such forfeiture if the agreement giving rise thereto is so indefinite and uncertain as not to clearly indicate the intention of the contracting parties. Because of the facts and circumstances presented in this record, there may be found support for the judgment and decree of the district court on the theory that the use of the word "after" in the note and mortgage gives rise to an indefinite and uncertain meaning. This conclusion is reached because equity is reluctant to declare a forfeiture when there is such doubt and uncertainty as to lead the obligated party unknowingly into a default. *Trowbridge v. Malex Realty Corp.*, 198 App. Div. 656 (191 N. Y. Supp. 97); *Noble v. Greer*, 48 Kan. 41 (28 Pac. 1004). See, also, *Hammond v. Thompson*, 168 Mass. 531 (47 N. E. 137).

Manifestly, appellee believed that the interest was due March 2d, rather than March 1st. There is much in the note and mortgage to indicate that the interest was due on March 2d, rather than March 1st. A basis, therefore, exists for ap-

pellee's theory, and therefore her belief that the interest was payable on March 2d was in good faith, judging by her conduct, because she fully intended to pay the same when due. By so doing, appellee was not at fault, because the meaning of the word "after," as used in the note, when considered with all the provisions contained in the note and mortgage, could readily lead her to believe that March 2d was the interest payment date. On the other hand, there is no clear language in the note or mortgage conclusively indicating that the interest was payable on March 1st, as claimed by appellant. If it be assumed that the note does provide for the interest payment on March 2d, then the obligation was properly discharged by appellee, because she paid the interest on Monday following Sunday, which was March 2d. Unless the interest is payable on March 2d, rather than March 1st, the provision therefor is indefinite and uncertain; because, as before said, it does not clearly appear that such payment is to be made on March 1st.

We find it unnecessary to decide whether the interest was payable on March 1st or March 2d; for, if payable on March 2d, the obligation would be discharged, as before indicated; and, if the interest in fact is not payable on March 2d, then there is uncertainty and indefiniteness, and because thereof, appellee, without her fault, due to the confusion, was misled, and hence, in equity, there should not be a forfeiture. Under such circumstances, the district court correctly sustained appellee's motion to dismiss.

The judgment and decree of the district court, therefore, should be, and hereby is, affirmed.—*Affirmed.*

EVANS, STEVENS, MORLING, and WAGNER, JJ., concur.

FAVILLE, C. J., and ALBERT and GRIMM, JJ., believe that the note is payable on March *2d,* and therefore concur in the result.