| 4 | 571 |
| 105 | 347 |

## PORTER *et al. v.* GREEN *et al.*

*A* mortgagee of real estate, is a *purchaser*, within the meaning of the recording laws of this state.

### *Appeal from the Linn District Court.*

THE plaintiffs claim title to a tract of land under a deed, dated November 11, 1856, and recorded January 9th, 1857. Defendant, Green, claims a lien on the same land under a

mortgage from the grantor of plaintiffs, of date November 18th, 1856, which was recorded January 5th, 1857. The defendants were proceeding to foreclose said mortgage by notice and sale under the Code, when plaintiffs instituted this proceeding to enjoin said sale, claiming that said mortgage was merely a cloud upon their title, and not a substantial lien as against them upon said land; but that if it was, that they might be permitted to redeem the same. The court below held, that said mortgage was not a lien upon said premises, but void as against the rights of said plaintiffs, and thereupon ordered a perpetual injunction as prayed. Defendants appeal.

*Isbell, Hubbard & Stephens*, for the appellants.

Is a mortgagee a purchaser, within the meaning of the registry law of Iowa? See definition mortgage, 1 Hilliard on Mort. 2; 2 Bouv. Law Dic. 403; Littleton, def. Purchase, § 12. The mortgagee has a distinct and independent beneficial interest in the estate. *Cholmondely* v. *Clinton*, cited in 1 Hill on Mort. 105; 2 Story's Eq. Jur. 278; *Seton* v. *Starle*, 7 Vesey, 283. A mortgage is a conveyance of property, and passes it conditionally to the mortgagee. *United States* v. *Fisher*, 2 Curtis, 358; *United States* v. *Hooe*, 3 Ib. 73; 1 Peters, 647. It is something more than a lien for a debt. It is a transfer of the property itself, as security for the debt. It is not a mere lien, but a trust estate. *Conrad* v. *Atlantic Ins. Co.*, 1 Peters, 647. The appellee lays stress on our statute, which leaves the legal title in the mortgagor. This has been the well settled law of this country and England, since the days of Lord Mansfield. 1 Hill. on Mort. 105, and cases there cited. Land is acquired only by descent or purchase. 4 Kent Com. 424; Bouv. Dic. 403. If a mortgagee has any interest in the land, he has it by purchase. The term purchaser embraces every mortgagee and his assignee. 4 Kent Com. 168; *Dickerson* v. *Tillinghast*, 4 Paige, 215; 19 Johns. 283.

*Wm. G. Thompson*, for the appellees, relied upon the fol-

lowing authorities: Code, §§ 458, 1210 and 1211; 4 Cowen, 599; 13 Johns. 471; 4 Ib. 222; 2 Binney, 502; 15 Johns. 262; 1 Hill on Mort. 128.

WRIGHT, C. J.—But one question is presented for our determination by counsel, and that is, whether a mortgagee is a *purchaser*, within the meaning of the recording laws of this state.  Of this, we entertain no doubt, being clearly of the opinion that the law designed to include a mortgage, as fully and entirely as the grantee or purchaser in an absolute and unconditional conveyance.  The language of the Code, (§ 1211,) is, that "no instrument affecting real estate is of any validity against subsequent purchasers for a valuable consideration without notice, unless recorded in the office of the recorder of deeds of the county in which the land lies as hereinafter provided."  And then by section 1214, it is provided that the recorder must indorse upon every instrument properly filed, the time of such filing, and make the proper entries in the "entry book," from which time "such entries shall furnish constructive notice to all the world, of the rights of the grantee conferred by such instrument."

The argument of appellees is, that their deed as between the parties, was valid; that they were only required to file it for record to protect themselves against a subsequent purchaser without notice, for a valuable consideration; that the defendants are *mortgagees*, but not *purchasers;* and that they therefore took nothing by said mortgage, though it may have been recorded prior to the deed of said plaintiffs. On the other hand, the argument of appellants is, that while said deed was valid as between the parties thereto, yet it was of no validity against a subsequent purchaser; that the defendants are subsequent purchasers for a valuable consideration, without notice; and that they had their instrument affecting said real estate, filed for record, before the deed of plaintiffs was so filed, and thus they acquired a priority of title or lien.  At common law, a mortgage must be by deed, and the term originally signified that the estate thus conveyed, became *dead* to the mortgagor, unless the condition

was performed at the time appointed. We also learn from the books, that it was a feoffment upon condition, or the creation of a base or determinable fee, with a right of *revertu* attached to it. *Hebron* v. *Centre*, 11 N. H. 571; 1 Hilliard on Mortgages, 3. Again, it has been said, that a mortgage is the conveyance of an estate by way of pledge, for the security of a debt, and to become void on the payment of it. 4 Kent, 133. Another definition given is, that it is a conveyance of lands by a debtor to his creditor, as a pledge and security for the repayment of money borrowed, or the performance of a covenant, with a proviso that such conveyance shall be void on payment of the money and interest, on a certain day, or the performance of such covenant by the time appointed, by which the conveyance of the land becomes absolute at law, yet the mortgagor has an equity of redemption, that is, a right in equity, on the performance of the agreement within a reasonable time, to call for a reconveyance of the land. Cruise Dig. L. 15, § 11; 1 Watts, 140; 1 Hill on R. P. 371.

So in 1 Pow. on Mort. 4, 7, we are told, that it is an absolute pledge, to become an absolute interest, if not redeemed at a certain time. The title of the mortgagee is said to be, not a mere *lien* depending on possession, but a real interest, though conditional. *Barnard* v. *Eaton*, 2 Cranch, 304. So in the case of the *U. S.* v. *Fertur*, 2 Cranch, 358, "a mortgage is a conveyance of property, and passes it conditionally to the mortgagee." And finally, in the language of STORY, J., in *Conrad* v. *Atlantic Ins. Co.*, 1 Pet. 441, a mortgage is not only a lien for a debt, but it is something more, it is a *transfer of* the property itself as security for the debt.

This must be admitted to be true at law, and it is equally true in equity, for in this respect equity follows the law. It does not consider the estate of the mortgagee as defeated and reduced to a mere lien, but it treats it as a trust estate, and according to the intention of the parties, as a qualified estate and security. When the debt is discharged, there is a resulting trust for the mortgagor. It is, therefore, only

in a loose and general sense, that it is sometimes called a lien, and then, only by way of contrast to an estate absolute and indefeasible. And it is doubtless in this general sense, that in *Hall* v. *Savill*, 3 G. Greene, 37, a mortgage is spoken of as a pledge or charge upon the land; and that the legal rights and remedies of others may be asserted to the property, subject to the *lien* of the mortgage. We have no difficulty from these authorities, in concluding that while the mortgage does *create* a lien upon the property mortgaged, yet that it also operates to transfer to the mortgagee a qualified or conditional estate, which becomes void on the payment of the debt, or the performance of the covenant. Again; if the mortgagee is not a purchaser, and if the interest acquired by him in the land, is not acquired by *purchase*, how is it acquired or held? Except a man hath his title or interest in lands by descent, he must have it by purchase. These are the only methods by which an interest in real estate can be lawfully acquired. Hence, to *purchase*, in the enlarged and technical sense, is defined to be the lawful acquisition of real estate by any means whatever, except descent. Bouvier L. Dict. tit. Purchase. And in the same section, quoting from Littleton, "purchase is called the possession of lands or tenements that a man hath by his own deed or agreements, into which possession he cometh, not by title of descent from any of his ancestors or cousins, but by his own deed." It is in this sense that we suppose the legislature used the term purchaser, and we cannot believe that it was only designed to include those only who, by their deeds, acquired at once, an absolute and indisposable estate in the land.

But it is argued that under the Code, the mortgagor retains the legal title, and that there is, therefore, an inconsistency in saying that the mortgagee is a purchaser. It is true that in the absence of stipulations to the contrary, he does retain such title, and the right to the possession of the estate. Code, § 1210. We are not aware that this section places the mortgagor, so far as the question now before us is concerned, in any different position, or gives

him any greater right, than he would have had, and did have; independent of the Code. In *Hall* v. *Savill, supra,* it is said that the mortgagor of land has generally been considered the *owner,* subject only to the lien of the mortgagee. The rights and interest of the mortgagor, it is said, do not pass to the mortgagee, until he acquires possession—citing *Walton* v. *Crosby,* 14 Wend. 63. And such we understand to have been the general settled rule, without reference to statutory regulations. *Perkins* v. *Dibble,* 10 Ohio, 438; *White* v. *Whitney,* 3 Metc. 84; *King* v. *St. Michaels,* 1 Doug. 632; *Ewen* v. *Hobbs,* 5 Metc. 3. In this last case, SHAW, C. J., gives in a brief compass, what we regard as a correct statement of the relation which exists between the mortgagor and mortgagee: "The first great object of a mortgagee," says he, "is in the form of a conveyance in fee, to give to the mortgagee an effectual security, by the pledge or hypothecation of real estate, for the payment of a debt, or the performance of some other obligation. The next is, to leave to the mortgagor, and to purchasers, creditors and all others claiming direct through him, the full and entire control, disposition and ownership of the estate, subject only to the first purpose, that of securing the mortgagee. Hence it is, that as between the mortgagor and mortgagee, the mortgage is to be regarded as a conveyance in fee, because that construction best secures him in his remedy, and his ultimate right to the estate, and to its incidents, the rents and profits. But in all other respects, until foreclosure, when the mortgagee becomes the absolute owner, the mortgage is deemed to be a lien or charge, subject to which the estate may be conveyed, attached, and in other respects dealt with, as the estate of the mortgagor. And all the statutes upon the subject, are to be so construed, and all rules of law, whether administered in law or equity, are to be so applied, as to carry these objects into effect."

Under our law, while the mortgage has the *form* of a conveyance in fee, yet it is not strictly true, as between the parties, that it is to be *treated* as such, for the technical legal title remains with the mortgagor. This legal title, and all

his interest, however, may be divested by foreclosure, and this without any other or further act or conveyance on the part of the mortgagor. While he retains the legal title, therefore, it is still true that the mortgagee is not thereby deprived of any remedy to which he would otherwise be entitled under his mortgage—nor to be defeated in his ultimate right to enforce the collection of his debt, by a sale of the mortgaged premises. Once more : if mortgages are not included in the provisions of the Code, regulating the recording of instruments affecting real estate, then they are in this respect left entirely unprovided for by our law. That is to say, if mortgages are not to be acknowledged and recorded in the same manner, and subject to the same rules, as other deeds of conveyance, then there is no statutory provision regulating the manner of their execution, nor the effect of the failure to record the same, upon the rights of those who may, either prior or subsequent to the execution of such mortgage, become interested in the property. We cannot believe that in a matter of so great and general importance, and involving so many interests, the law making power have been silent.

Judgment reversed.