MANNY & CO. v. WOODS <em>et al.</em>

1. Mortgage: OF CHATTELS: RECORDING ACT. A mortgagee of chattels takes the title thereto unaffected by any lien of the vendor for the purchase-money of which he had no notice, unless such lien was evidenced by writing, acknowledged and recorded.

2. —— Where the title to personal property has once passed to the vendee absolutely, it cannot be so qualified by an unrecorded writing as to affect the right or title of a purchaser without notice from the vendee.

3. —— A mortgagee of personal property is a purchaser within the meaning of the recording act.

<em>Appeal from Black Hawk Circuit Court.</em>

FRIDAY, FEBRUARY 23.

THE plaintiffs filed their petition, alleging that about the month of May, 1870, the defendants wrongfully entered upon the premises of O. D. Olmstead, agent for the plaintiffs at New Bedford, Butler county, and took, carried away and converted to their own use, one combined reaper and mower, the property of the plaintiffs, of the value of $1,050.

The defendant Wallace answered, denying the allegation of the petition, and alleging that he went with W. W. Wallace, his co-defendant, and at his request, to aid him in

loading said reaper and mower into his wagon; that said reaper and mower was taken by said Wallace as the agent of T. Y. French under and by virtue of a chattel mortgage held by said French. Wallace answered, denying the allegations of plaintiff, and alleging that he took said reaper by virtue of a chattel mortgage executed by one Henry Farwell, to Wm. Fuller and assigned to, and then held and owned by T. Y. French; that at the time said mortgage was executed said Farwell was the owner of said reaper and mower, that defendant Wallace was the agent of said French, and took said machine as such agent, under and by virtue of said chattel mortgage, the same being unpaid. That, previous to the time referred to in plaintiff's petition, defendant W. W. Wallace had taken said machine from said Farwell, under and by virtue of said mortgage, and held the same in his possession, from which it was wrongfully taken by the plaintiffs without the consent of the defendants; and that defendant, acting as the agent of French, retook the same from plantiffs.

The cause was tried by a jury, and a general verdict was returned for defendants together with answers, among others to special interrogations as follows, to wit:

"Did the plaintiffs, by their agent, sell the machine in question to Henry Farwell?"  "Yes."

"Did the plaintiffs, in pursuance of such sale, deliver the possession of said machine to Farwell?"  "Yes."

"Did plaintiffs deliver said machine to Farwell, in pursuance of said order, before the notes or contracts which have been read in evidence by plaintiffs were signed by Farwell?"  "Yes."

"How long did Farwell have the possession of the machine in question at the time he gave plaintiffs or their agent the notes which they have read in evidence?" "From four to six weeks."

Judgment upon the verdict. Plaintiffs appeal. The necessary facts are stated in the opinion.

*O. Miller* for the appellants.

*J. J. Tollerton* and *Boies, Allen & Couch* for the appellees.

DAY, J. — Appellants assign numerous errors, of which we will consider only those insisted upon in the argument.

I. The plaintiffs, to sustain the issue on their part, introduced one O. D. Olmstead, who testified that, in the month of March, 1870, he was the agent of plaintiffs, and saw the defendants take away the reaper and mower in question; that it was the reaper and mower he had sold for J. P. Manny & Co. to the said Henry Farwell, the man who gave the notes to the plaintiffs, and the one described in said notes; the machine was, before the time of the taking by the defendants, taken from G. A. Runion, by direction of the plaintiffs; that he sold the machine for the plaintiffs to Henry Farwell on condition, and took notes from him running to plaintiffs; that the notes in question are not the ones; these were given in place of the first notes, as Farwell could not fulfill the terms of the original contract; that he thinks they are of the same tenor.

The defendant introduced one Charles Neeley, and asked him the following question: "What conversation have you had with the witness Olmstead, after the time the plaintiffs sold the machine in question to Farwell?" The plaintiffs objected on the following grounds: First. The statements are not part of the *res gestæ*. Second. They are the statements of one not a party to the record. The objections were overruled, and plaintiffs excepted.

Upon this ruling of the court, error is assigned. A sufficient answer to this assignment is, that the abstract does not show the answer of the witness, nor even that any answer was given. It is not, therefore, made to appear that appellant sustained any prejudice by the action of the court, if admitted to be erroneous.

II. Appellants assign error upon the giving of the following instruction, to wit:

"If you find that the property in question was purchased by the said Henry Farwell, and taken into his possession, and while so in his possession he mortgaged the same to said William Fuller, and said Fuller assigned the said mortgage to French, for whom the said defendants were acting in taking possession of said property under said mortgage, you will find for the defendants, unless you find that the plaintiffs have a prior mortgage on said property, which was acknowledged and recorded in the Grundy county records, or that the said French or Fuller had knowledge of the claim or title of plaintiffs to said property."

Abstractly considered, this instruction is undoubtedly correct. Briefly stated, the legal proposition which it involves is this. If you find that Farwell purchased the property and took it into his possession, and while it was in his possession mortgaged it to Fuller, the mortgagee takes a title discharged of any lien of the vendor, of which he had no notice, unless such lien was evidenced by a prior mortgage properly recorded. The record discloses no fact rendering this instruction inapplicable, or showing that the jury could in any manner have been misled thereby. The position of appellants seems to be that the sale was a conditional one, and that the notes executed for the purchase-money showed such to be the fact. But the notes are not set out in the record, and hence we have not the evidence upon which the error in the instruction is predicated.

III. Appellants object to the giving of the following instruction. "A stipulation or condition attached to a note, negotiable on its face, which creates a fixed and certain liability to pay for an article of property at a time fixed, and drawing interest, and which on its face shows that a credit was given to the purchaser, will not so affect

a subsequent purchaser or mortgagee without notice of such condition as to deprive him of his title and right, unless such condition and stipulation is acknowledged and recorded in the recorder's office of the county where the property is located."

The question here is not whether the instruction, as applied to every conceivable case is *right*, but whether, as applied to the facts of this case, it is *wrong*. Waiving, therefore, all consideration of the former question, we apply ourselves to a determination of the latter. And here it is to be observed. First. That, as before stated, the note in question is not set forth in the record, and that of the particular conditions contained therein we know nothing; so that if, as applicable to some conditions, the instruction may be erroneous, it does not affirmatively appear that it is so, as applied to the conditions in question. Second. That a contract may be made by which the possession of personal property is delivered to another, with a stipulation that the title shall not vest in him until he pays or secures the purchase-price. *Bailey* v. *Harris*, 8 Iowa, 331, and cases cited. Such an arrangement constitutes not a sale, *in presenti*, but an agreement for a future sale.

Now the jury found as facts that the plaintiffs sold the machine in question to Henry Farwell, delivered him the possession thereof, and that he had retained the possession from four to six weeks at the time the notes in question were given. It would seem then that, as applied to these facts, there could be no error in the instruction. The title having once vested in Farwell by actual sale and delivery, he could not afterward, by mere writing unrecorded, so qualify his title and possession, once absolute, as to affect a subsequent purchaser without notice. Any other construction would ignore the provisions of section 2201 of the Revision. And a mortgagee is a purchaser within the meaning of the recording laws. *Porter et al.* v. *Green*, 4 Iowa, 571.

This last view is equally applicable to and decisive of the remaining errors, assigned upon the giving of the third and fourth instructions.

Affirmed.