IOWA LOAN COMPANY, Appellant, v. KIMBALL PIANO COMPANY and W. A. McNAUGHTON.

Chattel mortgages: INNOCENT PURCHASER. One cannot unlawfully seize property covered by an unrecorded mortgage under which he does not claim to hold the same, and by an *ex parte* cancellation of a debt due him from the owner transform himself into an innocent purchaser, to the prejudice of a subsequent mortgagee without notice.

*Appeal from Linn District Court.*— HON. J. H. PRESTON, Judge.

SATURDAY, MAY 7, 1904.

THE defendant McNaughton sold and delivered to Mrs. Lola Walker a piano, for the purchase price of which she executed her note to the W. W. Kimball Company, and secured the same by a mortgage on the instrument. This mortgage was not recorded, and, with the note, was delivered to the Kimball Company, in Chicago. Soon after the sale and delivery of the piano to her, Mrs. Walker borrowed $75 of the appellant, and executed a mortgage on the piano and other personal property to secure the payment of the loan. This mortgage was not recorded until the 13th day of June, 1902. Mrs. Walker having failed to make the payment due on the

Kimball Company note, and having left her home in Cedar Rapids, the agent or servant of the defendant McNaughton went to the house where she had left the piano, gained admission thereto by crawling through a back window, took possession of the instrument, and removed it to the sales-rooms of the defendant McNaughton. This is a replevin suit for the piano, the plaintiff basing its right thereto upon the mortgage executed to it by Mrs. Walker. The defendants pleaded that the property had been turned over to them in satisfaction of Mrs. Walker's indebtedness to them. There was a trial to a jury, and a directed verdict for the defendants. The plaintiff appeals.— *Reversed.*

*John A. Reed,* for appellant.

*U. C. Blake* and *Redmond & Stewart,* for appellees.

SHERWIN, J.— The court held, as a matter of law, that the plaintiff was not an innocent purchaser or incumbrancer, without notice; that the defendant's right to the piano was superior to that of the plaintiff; and that the seizure under and the foreclosure of the mortgage given by Mrs. Walker to the Kimball Company was without notice of the plaintiff's mortgage. The court refused to hold that the plaintiff had constructive notice of the defendant's mortgage when it made the loan to Mrs. Walker, or that the description of the piano in its mortgage was insufficient. The third ground upon which the court based its action may be disposed of by saying that the defendants did not plead or rely upon the mortgage executed to them by Mrs. Walker, but, on the contrary, denied in their answer that they took or held the piano by virtue of their mortgage. It is not contended here that the plaintiff was not a purchaser of the piano, within the meaning of section 2906 of the Code. *Manny & Co. v. Woods,* 33 Iowa, 265. And the only question remaining for our determination is whether, under the facts of this case, the defendants

were innocent purchasers, or, as said by their counsel, "execution creditors having seized the property to their loss or disadvantage," without knowledge of the appellant's mortgage.

The defendants are clearly not entitled to consideration as innocent purchasers. They secured possession of the instrument surreptitiously and without authority of law or the permission of the owner. They practically broke into the house and took the piano by force, and such action the law cannot sanction. The attempt to justify this conduct because the mortgage provided that they might take possession of the piano is not sound, for the reason that they were not relying thereon or acting thereunder.

It is claimed, however, that they afterwards canceled some book account which they had against Mrs. Walker; but it does not appear that she was a party to such cancellation, or that it was a debt other than the one evidenced by the note and mortgage given to the Kimball Company. If a person may unlawfully seize property, and transform himself into an innocent purchaser thereof by an *ex parte* cancellation of a debt due him from the owner, there is but little further use for legal process. That the defendants were not execution creditors, and that they can claim no rights as such, is too manifest for discussion. The defendants had made no case when the verdict was directed for them, and the court should either have directed a verdict for the appellant, or submitted the issues to the jury under proper instructions.

The judgment is therefore REVERSED.