C. B. RODGERS, Appellee, v. F. G. OLIVER et al., Appellees;
C. A. MANSKA, Appellant.

**MORTGAGES:** Foreclosure—Lien on Rents—Priority.  The *commence-*
1  *ment* of foreclosure proceedings on a real estate mortgage which
   pledges the rents as security gives the mortgagee a lien on the crop
   rent of the legal title holder superior to a prior attempted levy on
   the immature crops; and this is true even though the mortgage is
   not indexed in the chattel mortgage record.

**EXECUTION:** Property Subject—Immature Crops.  Immature crops
2  are not leviable.  (See Book of Anno., Vol. 1, Sec. 11669, Anno. 5
   *et seq.*)

**GARNISHMENT:** Lien Acquired.  A judgment creditor of a landlord
3  by garnishing the tenant acquires no lien on the crop share which,
   after the maturity of the crop, will belong to the landlord.  (See
   Book of Anno., Vol. 1, Sec. 12157, Anno. 102 *et seq.*)

   **Headnote 1:** 27 Cyc. p. 1250.  **Headnote 2:** 23 C. J. p. 321.  **Head-
   note 3:** 28 C. J. p. 253.

*Appeal from Monona District Court.*—MILES W. NEWBY, Judge.

## OCTOBER 27, 1925.

ACTION to foreclose a real estate mortgage, giving rise to an
issue between the plaintiff, as mortgagee, and the defendant
Manska, judgment creditor of the landlord, and then title holder
of the land.  The opinion states the facts.  A decree was en-
tered in favor of the plaintiff.  Defendant Manska appeals.—
*Affirmed.*

*Prichard & Prichard,* for appellant.

*Underhill & Miller,* for appellee.

DE GRAFF, J.—The contending parties on this appeal are:
(1) the plaintiff, a mortgagee, claiming, under a legally ap-
pointed receiver in a foreclosure proceeding, the 1923 rents and

1. MORTGAGES:
foreclosure: lien
on rents:
priority.
profits pledged by the mortgage to secure the debt; and (2) the defendant Manska, judgment creditor of the landlord and title holder, claiming, by virtue of an execution levy, the rents and profits in controversy.

The fighting issue has to do with the rents due the landlord under written lease of the land under mortgage, and whether the right to said rent is in the plaintiff's receiver or in the judgment creditor of the landlord, who may be viewed as a substituted mortgagor.

The trial court determined the issue in favor of plaintiff, thereby causing the battle ground to shift to this court. A brief review of the facts is necessary for a proper understanding of the issue.

The plaintiff, C. B. Rodgers, commenced an action for judgment on a promissory note for $8,640, executed by the defendant F. G. Oliver, and to foreclose a mortgage dated March 1, 1920, on a described parcel of land in Monona County, Iowa, given to secure the payment of said note. Upon the filing of the petition in foreclosure, on July 14, 1923, a receiver was appointed to take charge of the property and to collect the rents and profits pledged by the terms of the mortgage as security for the debt. At that time the defendant W. A. Cottrell was the holder of the legal title of the land, which was leased by him to one Drew Arney on a crop-share basis. The lessee was notified by the receiver of the latter's appointment, and that all rents thereafter should be paid to the receiver. This phase of the case is free from any dispute, and the facts provoke no debate. It further appears that, on February 5, 1923, the defendant C. A. Manska secured a judgment in the Monona district court against the landlord, W. A. Cottrell, for $450 and costs. A general execution issued on May 10, 1923, and on June 20, 1923, a levy was made by the sheriff. His return recited that he levied upon a certain described parcel of real estate (the land under mortgage) and that he levied upon a two-fifths interest belonging to W. A. Cottrell in 70 acres of wheat upon said premises.

Due and legal notice of time and place of sale was given, and on July 21, 1923, the property was exposed to sale, but no

bids were received. Whereupon, the sale was adjourned until July 24th, when the property was again offered for sale. No bids being received, the sale was adjourned until July 27th, when the property was again offered in like manner, and, "there being no bids or bidders, I now return this execution unsatisfied. Dated this 27th day of July, 1923." In the body of the return it is further written:

"On July 18 a notice of claim of ownership of the rents and profits on the above described land was served on me by N. E. Uptegrove, receiver, and no bond being filed by defendant, the same was released."

The sheriff testified that the foregoing addition to his return was written in after the 27th day of July. On that date the sheriff was informed that an agreement had been made between the parties, to the effect that the rights of the contending parties "were to be determined by the court." It is further shown that an entry of the levy on the real estate was made in due and proper form, in the incumbrance book of Monona County, but that plaintiff's mortgage was not indexed in the chattel mortgage index until after the levy of the execution, and not until after the agreement with the receiver. It is conceded of record that the rights of the parties hereto are to be determined as of the date July 27th. It may also be mentioned that no levy was made upon any crop upon the premises except the wheat, and at that time the sheriff did not see the wheat, and did not attempt to take physical possession of it. It is further disclosed that, in addition to levying upon the premises and 70 acres of wheat, as aforesaid, notice of garnishment was served upon the tenant in possession; but no answers by the garnishee were taken then or thereafter, and no notice was served upon the landlord, Cottrell, nor was anything further ever done in this particular. The uncontradicted testimony shows that the wheat was not ripe or matured on June 20th, the date of the attempted levy and garnishment, and the corn was not matured until about November 1, 1923.

We now turn to the legal principles applicable to the facts. By the commencement of the foreclosure action by plaintiff and the prayer for appointment of a receiver on July 14, 1923, plaintiff obtained a lien on Cottrell's share of the rents

and profits of said farm for the year 1923. The mortgage expressly pledged the rents, profits, and possession of the premises in controversy, and the lien of the mortgage on the crops became effective on the commencement of the foreclosure proceeding. *First Nat. Bank v. Security Tr. & Sav. Bank,* 191 Iowa 842; *Whiteside v. Morris,* 197 Iowa 211; *Motor Finance Co. v. Wenzlaff,* 197 Iowa 314; *Hakes v. North,* 199 Iowa 995. Did the execution, levied under the circumstances of this case, give to the judgment creditor of the landlord a lien on the crops superior to the lien of plaintiff? The return of the sheriff states that he levied on the land and upon the two-fifths interest of the judgment-debtor Cottrell in 70 acres of wheat upon said premises. The decisive principle in this case does not involve the manner of making the levy, but whether the property and interest of the debtor therein were leviable. If the landlord had title or right of possession to the *res,* a different situation would be presented. The crops were growing and unmatured. The landlord had a lien for the rent reserved, but he had neither title nor right of possession to a crop which was growing and dependent upon the soil for sustenance.

2. EXECUTION: property subject: immature crops.

"In such case a sheriff or other officer who attempts to levy an attachment or execution can make no valid levy, because he has no right to take possession of the crop." *Howard County v. Kyte,* 69 Iowa 307.

See, also, *Riddle v. Dow,* 98 Iowa 7. It is said in *Townsend & Knapp v. Isenberger,* 45 Iowa 670:

"The share of the crops reserved by the lease to the landowner is to be regarded as rent. * * * The owner of the land acquired no property in the part of the crop reserved for rent until it was set apart to him by the tenant; the ownership of the tenant continued until that time."

See, also, *Clark v. Strohbeen,* 190 Iowa 989.

It is quite apparent that the judgment creditor obtained no rights by his attempted garnishment of the tenant in occupancy of the land. No lien is obtained on the property by the process

of garnishment, but only a right to proceed
**3. GARNISHMENT:** against the garnishee personally. *Mooar v.*
lien acquired. *Walker,* 46 Iowa 164; *Clark v. Raymond,* 86
Iowa 661, with cases cited; *Riddle v. Dow,* supra.

Whether the garnishment proceedings were so conducted as
to impose any personal liability upon the tenant, Arney, is not
the question in issue. It follows, therefore, that, on July 14,
1923, when the petition in foreclosure was filed and a receiver
was appointed thereunder, no valid lien existed in favor of the
judgment creditor, and it was immaterial that on that date the
real estate mortgage had not been indexed in the chattel mort-
gage index of the office of the county recorder.

This view of the law results in an affirmance of the decree
entered by the trial court.—*Affirmed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.