JAKE HANING, Appellee, v. G. WILLIAM DUNLOP et al., Appellants.

MORTGAGES: Lien and Priority—Accrued Rents. A mortgagee of real
1    estate has, under his mortgage, no lien or claim on rents which have fully accrued prior to the commencement of foreclosure. Especially is this true when such rents have been fully sequestered in prior foreclosure proceedings. (See Book of Anno., Vol. 1, Sec. 12713, Anno. 42 *et seq.*)

RECEIVERS: Allowance and Payment of Claims—Taxes. Rents on
2    real estate, fully accrued prior to the commencement of a foreclosure, and in the hands of a receiver under a prior foreclosure, need not be applied by the court to the payment of taxes on the premises. (Sec. 12718, Code of 1924.)

Headnote 1: 41 C. J. p. 627; 27 Cyc. p. 1632. Headnote 2: 27 Cyc. p. 1631.

*Appeal from Monona District Court.*—MILES W. NEWBY, Judge.

FEBRUARY 15, 1927.

Suit in equity, to foreclose two first mortgages on two quarter sections of land, respectively. The defendant Greene County Savings Bank held a second mortgage, covering both quarter sections. The controversy of plaintiff is with this defendant, as holder of the second mortgage. The question in dispute is the priority of right to the rental income for the year 1925, the foreclosure suit on the second mortgage having been first begun, and a receiver having been appointed therein to take charge of the mortgaged real estate and to collect the rental income for the year 1925. Subsequently, the suit at bar was commenced, and a claim for the same rental income was asserted

therein. The court awarded decree to the plaintiff herein, and ordered that such rental income be applied to his benefit. The defendants appeal.—*Reversed.*

*Ben J. Gibson, George E. Allen,* and *Graham & Osborn,* for appellants.

*Prichard & Prichard,* for appellee.

EVANS, C. J.—The Greene County Savings Bank commenced foreclosure of the second mortgage in April, 1924. It obtained a decree in December of the same year. The decree awarded a receivership, under the provisions of the mortgage, for the rental income for the year 1925, and Freeland was appointed as such receiver. Execution sale was had in April, 1925, wherein the mortgagee bid the full amount of its judgment, less $1,000, for which sum it held a deficiency judgment. The foreclosure decree conferred upon the receiver "the usual power to take possession of said property and collect and hold the rents and profits for the benefit of the plaintiffs, except the rents for the year 1924, * * * subject to the orders of the court."

1. MORTGAGES: lien and priority: accrued rents.

Pursuant to this decree, the receiver rented the mortgaged land, and reported a balance of rent for the year 1925, after paying all costs and expenses incurred by him, in the sum of $2,400. This fund became the bone of contention. In November, 1925, the plaintiff herein brought this suit to foreclose his own prior mortgages, and made all junior lien holders parties thereto, including the Greene County Savings Bank. He also prayed and obtained the appointment of a receiver, to take possession of the property and to collect the rental income in his behalf. He obtained decree in February, 1926, and became the purchaser at the execution sale in March, 1926, leaving, however, a deficiency judgment in his favor of $1,600. No controversy is presented over the rental income for 1926, being the year of redemption under plaintiff's execution sale. In granting plaintiff his prayer for a receiver, the court appointed Freeland as such, who was then in possession of the land under the previous appointment in the foreclosure suit of the Greene County Savings Bank. Freeland thereby became clothed in a dual capacity.

The plaintiff herein asked that Freeland, as receiver, be required to apply the fund of $2,400 in his hands to plaintiff's benefit, as follows: (1) That he pay all delinquent taxes and certain drainage assessments against the land; (2) that he pay plaintiff the balance thereafter remaining.

The relief so prayed was awarded to plaintiff by the decree. This is the order to which the complaint of the appellant is directed.

It is quite apparent, under the facts above stated, that the plaintiff, as mortgagee, had no lien or claim upon the 1925 rents, all of which had accrued prior to the commencement of his foreclosure. We have so held specifically in many cases: *Hakes v. North*, 199 Iowa 995; *Farmers & Merch. St. Sav. Bank v. Kriegel*, 196 Iowa 833; *First Nat. Bank v. Security Tr. & Sav. Bank*, 191 Iowa 842; *Smith v. Cushatt*, 199 Iowa 690; *Whiteside v. Morris*, 197 Iowa 211; *Swan v. Mitchell*, 82 Iowa 307; *Stetson v. Northern Inv. Co.*, 101 Iowa 435.

Inasmuch as the fund in question was entirely outside of the pale of plaintiff's security, the court was not justified in making any order in this case pertaining thereto. So far as this case was concerned, Freeland was receiver of the property for the year 1926 only, and plaintiff had no basis or right to interfere with the orders already made in the foreclosure suit of the second mortgagee. What would have been a proper order to make in the earlier foreclosure suit is a question which cannot be determined in this suit.

It is suggested by the appellee that Section 12718, Code of 1924, rendered it obligatory upon the court to order such fund applied to the payment of taxes. We do not think such section 2. RECEIVERS: al- is applicable. This is not a case of distribution lowance and pay- of the corpus of an estate, nor does it involve a ment of claims: taxes. contest of priorities, as between creditors generally. The taxes were a first lien upon the real estate when the rent was collected. They were no less such after such collection. They were never a lien upon the fund. What power of discretion the court may have, to order payment of taxes in a given case, we do not now determine. It could in no event be exercised except in the proper case. This was the first foreclosure suit. We hold now only that this statute did not render it obligatory upon the court to so order.

For the reason herein indicated, the order entered below will be reversed, without prejudice to proper orders upon the same subject in the other foreclosure suit. It may be noted here that, since the decree below, the Greene County Savings Bank has closed its doors, and passed into the control of the Banking Department of the state of Iowa, and its interests are now represented by the superintendent of banking.

The order complained of is, accordingly, reversed.—*Reversed.*

DE GRAFF, ALBERT, and MORLING, JJ., concur.