GEORGE J. HANSON, Appellee, v. LOUIS B. SHEFFER et al., Appellees; FIRST NATIONAL BANK OF GREENWOOD, NEBRASKA, Intervener, Appellant.

1192

May 8, 1928.

*H. L. Robertson* and *Roy E. Havens*, for appellant.

*Robertson & Havens*, for Louis B. Sheffer *et al.*, appellees.

*Kimball, Peterson, Smith & Peterson*, for George J. Hanson, appellee.

FAVILLE, J.—One Skriver owned a farm in Harrison County. On July 20, 1922, he and his wife executed a real estate mortgage on said premises, which was duly recorded on July 27, 1922, and subsequently assigned to the appellee. Title to the premises passed to the defendants Sheffer and Jardine by a warranty deed dated January 19, 1925, and recorded April 14, 1925. Said real estate mortgage upon the premises contained the following provision:

"And the said parties of the first part do hereby pledge the rents, issues and profits of the said real property for the payment of said principal sum, interest, attorney's fees and costs and authorize, agree and consent that in case of any default in the payments above provided for, or breach of any of the conditions herein contained and upon the filing of a bill or petition for the foreclosure of this mortgage the court in which said suit shall be instituted, or any judge thereof shall at the commencement of said action, or at any stage during the pendency or progress of said case on application to the plaintiff and without notice to the party of the first part appoint a receiver to take

possession of the said property and to collect and receive the rents and profits thereof, and to apply the same to the payment of said debt, interest, attorney's fees, costs and taxes and to make necessary repairs.''

Sheffer and Jardine leased said premises for the term beginning March 1, 1925, and ending March 1, 1926, the lease providing that the said lessors should receive as rental for said premises one half of all of the corn raised upon said premises during the said term, and $50 cash rent. The tenant under said lease was in possession of said premises after March 1, 1925, and raised a crop of corn on said premises during that year. On June 30, 1925, Sheffer and Jardine executed to the appellant, the First National Bank of Greenwood, Nebraska, a chattel mortgage upon their ''one-half interest in the 1925 corn crop situated upon'' said described real estate. This chattel mortgage was executed in the state of Nebraska. On August 20, 1925, the appellee Hanson filed his petition and commenced this action for the foreclosure of the said real estate mortgage, and therein prayed the appointment of a receiver to collect the rents and profits from said real estate and apply them to the satisfaction of said mortgage. Thereafter, to wit, on August 29, 1925, the said chattel mortgage upon the landlord's share of the corn crop then on said premises was duly filed for record in Harrison County, Iowa. On October 16, 1925, a receiver was appointed by the court, who took possession of the landlord's share of said corn, and the same has been converted into money, and the receiver now holds same under the order of court. The appellant bank intervened in said action, setting up its said chattel mortgage and claiming the said rentals thereunder. The court by its decree awarded said crop of corn grown on said premises for the year 1925 to the receiver. The intervening bank has appealed, and the sole question for our determination on this appeal is whether the receiver, under the foreclosure of said real estate, or the intervener bank, under its chattel mortgage, is entitled to the share of the landlord in the crops grown on said premises during the season of 1925.

We have repeatedly held that a mortgagee under a real estate mortgage containing a receivership clause similar to the one involved in this case does not obtain any lien upon the crops grown on the mortgaged premises, at least until the com-

mencement of the suit in foreclosure in which the appointment of a receiver is sought. In this case the action was begun August 20, 1925. At that time the crops in question were in being on said premises, and a mortgage had been given thereon after they came into being, to wit, on June 30, 1925.

No question of notice, either actual or constructive, is involved. Before the appellee acquired any right to said crops under his action in foreclosure, the crop was in being, and had been mortgaged by the then owners of the real estate to the intervener. In such a situation, the lien of the intervener under its chattel mortgage was superior to the rights of the receiver to the crop then in existence.

For discussion of the principles involved, see *Louis v. Hansen*, 205 Iowa 1216, and *King v. Good*, 205 Iowa 1203, and cases cited therein.

The decree of the trial court is—*Reversed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur