ETHEL B. VIRTUE, Appellee, v. HENRY TEGET et al., Defendants; H. M. NORTON, Intervener, Appellant.

No. 40014.

NOVEMBER 21, 1929.

*Price & Burnquist,* for appellant.

*Burnstedt & Hemingway*, for appellee.

Evans, J.—I. The mortgage in question was a second mortgage, covering a half section of land in Hancock County, and made subject to a mortgage of $25,000. The three defendants  named and duly served were Teget, the mortgagor; Gus Schulz, the tenant in occupation; and Plymouth Clay Products Company, as a claimant of some interest in the property. The suit was commenced on February 2, 1928. After execution sale, there remained a deficiency judgment of more than $8,000. Pursuant to the mortgage and the decree thereon, a receiver was appointed, to take possession during the year of redemption, on April 23, 1928. He leased the land to defendant Schulz, who was already in actual possession, pursuant to his former tenancy under Teget, and who also had been evicted by the decree. In November, 1928, the appellant intervened, and claimed the rents. He predicated his claim upon an alleged assignment of such rents, and upon a chattel mortgage given thereon to him by Teget. It appears that, in December, 1926, Teget executed a lease of the premises to Schulz for a period of *one* year from March 1, 1927. On January 18, 1927, Teget made a formal written assignment of the lease to the intervener, to secure a note of $4,000. He also executed a purported chattel mortgage on the following described property:

"All my [Hem. Teget's] share and interest in the crops and rental accruing from the west half of Section 29, Township 97, Range 24, Hancock County, Iowa, during the years of 1927 *and 1928*." (The italics are ours.)

The claim of the intervener is predicated upon the two italicized words above. On the date of the alleged assignment and of the purported chattel mortgage, the lease of Schulz purported to expire on March 1, 1928. Some months later, Schulz and Teget orally agreed that the lease should be renewed for the year 1928. The intervener claims that this renewal inured to his benefit, and brought the crops of 1928 within the provisions of his previous chattel mortgage. The chattel mortgage was drawn to the intervener as "trustee." It is in such capacity that he intervenes. It appears from the evidence in the case that he was

purporting to act as trustee for the Plymouth Clay Products Company. Teget was indebted to the amount of $4,000 to said company. Norton, the intervener, was the auditor and general manager of such company. The Plymouth Clay Products Company, Teget, and Schulz were parties to the decree of foreclosure, and were fully foreclosed thereby. Norton claims, in support of his petition of intervention, that, as a trustee, he was a necessary party to the foreclosure. He had no personal interest in the instruments under which he claims. He was a trustee for his corporation in no other sense than that he was an agent for it. The corporation itself was under no disability. It was *compos mentis* and *sui juris*. Its authority over its property was superior to that of the alleged trustee. The legal effect of the appellant's trusteeship was precisely that of an agent, and nothing more. It is true that, as such trustee, he could, under the statute, have maintained an action in his own name, for the benefit of his beneficiary. But this statutory power would not exclude the power of the beneficiary itself to maintain an action, or to set up a defense in its own name, as the sole party in interest. Section 10967, Code, 1927; *Rice v. Savery*, 22 Iowa 470. The intervener contends that he was also trustee for Teget. This is a legal conclusion only, and is not tenable. There is a sense in which every security-holder is a trustee for the benefit of his debtor. But that means no more than that he must return to the debtor the unused part of the security. Such a trustee does not exclude the debtor from the right to assert and defend his own interest in the property, to the fullest extent.

The decree entered in March, 1928, was a complete adjudication as against Teget, Schulz, and Plymouth Clay Products Company. The original notice to the Plymouth Clay Products Company was served by reading and delivery to the intervener, Norton. His present intervention can serve no personal interest of Norton himself. The only function sought for it is to serve the interest of the Plymouth Clay Products Company. The rights of that company have been completely adjudicated by the decree. Its representative, therefore, can have no further standing. The case at this point is fully controlled by *Browne v. Willis*, 199 Iowa 453.

II. As against the intervener, the case is further controlled by *Louis v. Hansen*, 205 Iowa 1216. Taking the intervener's

own construction of his mortgage, as intended to cover the crops for 1928, the subject-matter of his mortgage had not come into being when the foreclosure suit was begun. Whether his mortgage could be deemed effective, as between him and Teget, to cover any crops in 1928, we need not consider.

The petition of intervention was properly dismissed.—*Affirmed.*

ALBERT, C. J., and FAVILLE, DE GRAFF, and KINDIG, JJ., concur.