F. BUNTING, Appellant, v. FRED W. BERNS et al., Appellees.

No. 40908.

JUNE 20, 1931.

REHEARING DENIED SEPTEMBER 26, 1931.

E. A. Wissler, for appellant.

Helmer & Minnich, and Saul & Saul, for appellees.

FAVILLE, C. J.—The facts in this case are not in dispute. On September 16, 1925, the appellees Fred W. Berns and Christina Berns executed and delivered to the appellant their note for $22,000, and secured the same by a mortgage upon certain real estate. This real estate mortgage also pledged to the mortgagee the rents, issues, and profits of the said real estate and provided for the appointment of a receiver to take possession of the property and collect and receive the rents and profits thereof and apply the same upon the indebtedness. Said mortgage was duly recorded on the 18th day of September, 1925, as a real estate mortgage. It was not recorded as a chattel mortgage. At all times the mortgagors remained in possession of said premises. The action for the foreclosure of said real estate mortgage was commenced on September 16, 1930. On August 18, 1930, the said mortgagors executed and delivered to the appellee Masching a chattel mortgage for the sum of $6460. The chattel mortgage secured an indebtedness on certain described personal property and included the following: "Crops * * * growing crops or crops to be grown the following crop season." The chattel mortgage further provided that "the crops shall be seasonably and properly planted and sown, harvested and preserved." Said chattel mortgage was duly recorded on August 20, 1930. The chattel mortgagee was made a party defendant in the action for the foreclosure of the real estate mortgage. The land covered by the mortgage was sold on November 29, 1930, under special execution, for $22,000, leaving a deficiency judgment in the amount of $1490.53. It is admitted that the mortgagors are insolvent.

The sole question involved on this state of facts is whether or not the appellant is entitled to the appointment of a receiver to collect the rents and profits of said premises for the season of 1931 and subject them to the satisfaction of said deficiency judgment, or whether the said chattel mortgagee is entitled to the rents and profits of said premises in the shape of crops to be grown thereon. The crops of 1931 were, of course, not in being at the time of the execution and delivery of the chattel mort-

gage, nor were they in being when the action for foreclosure of the real estate mortgage was begun. Under such a state of facts we have held that the holder of the real estate mortgage is entitled to the appointment of a receiver upon the commencement of the foreclosure action, and that his right to the rents and profits from the real estate was superior to that of a chattel mortgagee upon future crops that were not in existence at the time of the commencement of the foreclosure of the real estate mortgage. Louis v. Hansen, 205 Iowa 1216; Phelps v. Taggart, 207 Iowa 164; Virtue v. Teget, 209 Iowa 157. It is contended, however, that these cases are not controlling because of the provision in the chattel mortgage in the instant case to the effect that '‘the crops shall be seasonably and properly planted and sown, harvested and preserved.'' It is contended that in the above cited cases it was optional with the mortgagor as to whether or not he planted a crop or farmed the premises and that the chattel mortgagee had no right under such mortgage to compel the mortgagor to grow future crops: in other words, that it was wholly dependent upon what the mortgagor saw fit to do as to whether or not there would be any future crop; while the chattel mortgage in question made it obligatory upon the mortgagor to plant and harvest a crop, and it is contended that because of such distinction a different rule applies in the instant case.

We do not think that such a distinction between the cited cases and the instant case is pertinent. It may be that as between the chattel mortgagor and the chattel mortgagee there was a covenant by which the mortgagor could be held liable in damages to the mortgagee for failure to seasonably and properly plant, harvest, and preserve the crop on said premises, but this could in no way affect the rights of the appellant to the appointment of a receiver. Under the chattel mortgage the mortgagor was obligated to the mortgagee to seasonably plant, sow, harvest, and preserve crops on the premises until the mortgage was fully paid, but the crop of 1931 had not come into being at the time the appellant commenced his action of foreclosure, and under the terms of his mortgage he was entitled, upon commencement of such action, to the appointment of a receiver to take possession of said property and collect and receive the profits thereof accruing from said premises.

The case at bar is not distinguishable from the cases cited

supra, and, adhering to the rules therein announced, the order of the district court in denying the appointment of a receiver is— Reversed.

EVANS, STEVENS, WAGNER, and ALBERT, JJ., concur.