FIRST TRUST JOINT STOCK LAND BANK of Chicago, Appellant, v.
FRANK M. STEVENSON et al., and M. S. COOPER, Intervenor,
Appellees.

No. 41421.

NOVEMBER 22, 1932.

REHEARING DENIED MARCH 20, 1933.

W. L. Cohrs, R. M. Uhl, Ben J. Gibson and Livingston & Eicher,
for appellant.

H. V. Levis, for appellee Frank M. Stevenson.

Johnston & Shinn, for other appellees.

STEVENS, C. J.—The note and mortgage in suit was executed by the appellee Frank M. Stevenson and his wife, now deceased, and this action to foreclose said mortgage was commenced June 30, 1931. Subsequent to the execution of the foregoing instruments and prior to June 30, 1931, appellee Stevenson conveyed the mortgaged premises, subject only to the mortgage, to the Knoxville Investment Company, one of the appellees herein. On March 2, 1931, the grantee, in writing, leased the mortgaged premises to appellees Perry and Long for one year ending March 1, 1932, for an agreed rental of $300, which was evidenced by a promissory note for said sum. On the same day, a second lease was entered into by the grantee with one Dennison for a term of one year, commencing March 1, 1932, for an agreed rental of $450, which was also evidenced by a promissory note for that amount. Both leases were on June 11, 1931, assigned by the lessor to M. S. Cooper, intervenor herein, to whom the rent notes were at the same time transferred. The controversy in this court is therefore between the appellant and the intervenor. The issues joined between these respective parties present the only questions for decision.

■ I. The mortgage pledged the rents and profits as security for the payment of the mortgage debt, and provided that, in case of foreclosure, the holder of said mortgage shall be entitled to have a receiver appointed to take possession of the property and to collect the rents and profits during the period of redemption and apply the same to the payment of the debt. It will be observed that the respective leases were assigned and the rent notes transferred to intervenor prior to the commencement of this action. At the time of these transactions, the crops had been planted, but appellant had no lien thereon. The lien, if any, in favor of appellant, attached at the time of the commencement of the action and the request for the appointment of a receiver. Whiteside v. Morris, 197 Iowa 211, 197 N. W. 56; Haning v. Dunlop, 203 Iowa 48, 212 N. W. 351; Kooistra v. Gibford, 201 Iowa 275, 207 N. W. 399; Rodgers v. Oliver, 200 Iowa 869, 205 N. W. 513; Bunting v. Berns, 212 Iowa 1127, 237 N. W. 220; Virtue v. Teget, 209 Iowa 157, 227 N. W. 635.

Intervenor was the assignee of the lease and the transferee of the notes in good faith prior to the commencement of appellant's action to foreclose the mortgage. His lien upon the crops was therefore prior and senior to that of appellant. First Nat. Bank v. Security T. & S. Bk., 191 Iowa 842, 181 N. W. 402; Hanson v. Sheffer,

205 Iowa 1191, 219 N. W. 529; Smith v. Cushatt, 199 Iowa 690, 202 N. W. 548; Hakes v. North, 199 Iowa 995, 203 N. W. 238; Goldstein v. Mundon, 202 Iowa 381, 210 N. W. 444.

II. The mortgage also contained the following provision:

"And the said parties of the first part do—further covenant and agree that in case of default in payment of said principal sum of money, or of any amortization installment thereof, or of interest thereon, or in the performance of any of the covenants or agreements herein contained, then, or at any time thereafter during the continuation of such default, the said party of the second part, or its successors or assigns, may, without notice, declare the entire debt hereby secured immediately due and payable, and thereupon the said party of the second part, or its successors or assigns, shall be entitled to the immediate possession of said premises and the appointment of a receiver, as above provided, and may proceed to foreclose this mortgage; and in case of foreclosure, such sum as may be lawful shall be allowed by the court for attorney's fee and all costs and expenses incurred by said Bank or its attorneys, and be included in the judgment or decree."

The question at this point is: What is the right of appellant under the foregoing and latter provision of the mortgage? Was appellant, upon default in the payment of the interest, immediately entitled to enter into possession of the mortgaged premises independent of and without the appointment of a receiver? The mortgagor retained possession of the mortgaged premises prior to default. In the absence of stipulation to the contrary, the mortgagor, in this state, of real estate retains the legal title and possession thereof. Section 10053, Code 1931.

There is considerable diversity of decision in this country as to the exact relationship to the mortgaged premises of the mortgagor and mortgagee. The question is, however, well settled in this jurisdiction that the mortgagee, in the absence of stipulation to the contrary, acquires no title or estate in the mortgaged premises, and that he acquires only a lien thereon as security for the payment of the debt. Courtney v. Carr, 6 Iowa 238; Newman v. DeLorimer, 19 Iowa 244; McHenry v. Cooper, 27 Iowa 137; Adams v. Holden, 111 Iowa 54, 82 N. W. 468. This is true, notwithstanding we have held that the holder of a real estate mortgage is within and for the purpose of the recording laws deemed a purchaser. Porter v. Green,

4 Iowa 571; Seevers v. Delashmutt, 11 Iowa 174, 77 Am. Dec. 139; In re Estate of Gill, 79 Iowa 296, 44 N. W. 553, 9 L. R. A. 126.

The precise question involved at this point has not previously been passed upon in this state. The right of the mortgagee to possession under a stipulation in the mortgage giving him such right has, however, been given apparent recognition in a few of our cases. White v. Rittenmyer, 30 Iowa 268; American Inv. Co. v. Farrar, 87 Iowa 437, 54 N. W. 361; Harrington v. Foley, 108 Iowa 287, 79 N. W. 64; Whitley v. Barnett, 151 Iowa 487, 131 N. W. 704.

The controversy, however, in reality involves only the interpretation of the respective clauses of the mortgage. The clause referred to under subdivision 1 of this opinion is the ordinary one pledging the rents and profits as security for the payment of the mortgage debt and to the appointment of a receiver to take possession during the period of redemption.

The clause now under consideration, in so far as it relates to the subject of possession, is so closely related to the prior clause that they must be construed together. Primarily, the purpose of the provision of the mortgage now under discussion was to provide the conditions upon which the mortgage indebtedness should become due in advance of the maturity fixed by the note, and for the right to foreclose the mortgage. The specific provision as to possession is as follows:

"* * * And thereupon the said party of the second part or its successors or assigns shall be entitled to the immediate possession of said premises *and the appointment of a receiver* as above provided. * * *"

The intention of the parties, if ascertainable, must prevail. It is too obvious for discussion that the parties did not intend by any provision of the contract to do away with the statutory right of the mortgagor to the possession of the premises prior to default of some of the provisions of the mortgage on his part. Both of the respective clauses of the mortgage specifically provide for the appointment of and possession by a receiver in case of default on the part of the mortgagor and the commencement of an action to foreclose the mortgage. There is, it seems to us, nothing in the provisions of the mortgage to indicate that the parties understood that they were making a specific agreement for the possession of the premises by the mortgagee independent of an action in foreclosure and the appoint-

ment of a receiver. If, by the terms of the mortgage, under an independent agreement, the mortgagee was entitled to the immediate possession after default, the several provisions for the appointment of a receiver would have no rational purpose. The clause of the contract quoted above providing for the right to immediate possession and the clause relating to the appointment of a receiver are connected directly with the conjunction "and" and indicate no independent purpose. Alternative rights are neither stipulated nor, it seems to us, in any way contemplated by the parties. The provision of the contract amounts to no more than the consent on the part of the mortgagor to the appointment of a receiver to rent and collect the rents of the mortgaged premises during the period of redemption. None of the cases cited by counsel in their brief is in conflict with this conclusion. In many jurisdictions the right to the immediate possession by the mortgagee of mortgaged premises, where specific provision is made therefor in the mortgage, is recognized and enforceable. The court below declined to either appoint a receiver or place appellant in possession of the premises. Under our numerous prior holdings, the intervenor was clearly entitled to the rents and profits during the period covered by the respective leases. The court so found. Our conclusion at this point is reached upon what seems to us the true construction of the terms and provisions of the mortgage. We do not, therefore, decide or express any opinion as to the right of a mortgagee to the possession of the mortgaged premises either before or after default on the part of the mortgagor under appropriate provision of the mortgage or other agreement therefor. The principal propositions argued by appellee as to the form of the action is, in view of the conclusion reached, without application to this case.

It follows that the judgment and decree appealed from must in all respects be affirmed.—Affirmed.

EVANS, ALBERT, KINDIG, WAGNER, CLAUSSEN, and BLISS, JJ., concur.