First Trust Joint Stock Land Bank of Chicago, Appellant, v. E. W. Poor et al., Appellees.

No. 42100.

October 17, 1933.

Spence & Beard, and R. M. Uhl, for appellant.

Frank F. Wilson, for appellees.

Mitchell, J.—On the 24th day of September, 1932, the appellant in this case, the First Trust Joint Stock Land Bank of Chicago, filed a petition in equity, claiming judgment on a note executed by E. W. and Maggie A. Poor in the sum of $6,561.68, and also sought to foreclose a certain real estate mortgage given as security for the said note by the said E. W. and Maggie A. Poor, the mortgage covering certain land located in Ringgold county, Iowa. The appellant also asked personal judgment against the appellees

Luella L. Wilson, Charles H. Wilson, and Frank F. Wilson, because of their assumption of the mortgage in a conveyance made to them on July 21, 1928, of the real estate involved, by the appellees E. W. and Maggie A. Poor. The note sued on provided that it be payable on the amortization plan, in seventy equal semi-annual installments of $234.47, and one installment, the last to be paid, of $170.40. And the appellant asked the foreclosure of the mortgage because of the failure of the appellees to pay the semi-annual installment of $234.37, which was due on the 1st day of November, 1931, and because of failure to pay the taxes for 1930 and 1931. Appellees Luella L. Wilson, Charles H. Wilson, and Frank F. Wilson filed an answer, denying that they were indebted to the appellant in the sum prayed for in the appellant's petition, and specifically denying that they failed to pay the installment due on November 1, 1931, and alleged that, because of the payment by the appellees on July 22, 1930, of the sum of $1,282.15, no installments were due at the time of the action. The appellees also denied that the appellant was entitled to a receiver, and denied that the security was inadequate. After the evidence had been introduced on the part of both the appellant and the appellees, the appellant amended its petition, and alleged that, in accordance with a provision of the mortgage, the appellant on the 26th day of November, 1932, after the commencement of this action and before the case was reached for trial, was compelled to pay the sum of $52.50 for insurance on the buildings on the premises described in appellant's original petition, and alleged that as another reason for the acceleration of the mortgage and the foreclosure thereof. The appellees dictated into the record an answer to the appellant's amendment, denying the evidence showed the insurance was delinquent or that there was not sufficient insurance in force at the time. The court at the conclusion of the trial found for the appellees and denied the foreclosure of the mortgage, and denied the judgment against the appellees, and dismissed the cause at the cost of the appellant, without prejudice to the appellant to commence an action at any time the appellant might desire. And from such order and judgment of the court the appellant has appealed to this court.

The record shows without any dispute that the mortgage given to secure the note provides for acceleration for failure to pay the installments, and also for failure to pay the insurance, and failure

to pay the taxes, or for any other failure to perform covenants of the mortgage.

This court in the case of the First Trust Joint Stock Land Bank v. Stevenson, reported in 215 Iowa 1114, 245 N. W. 434, has held that under this form of mortgage the mortgagee is entitled to an acceleration of the amount due and the foreclosure of his mortgage. The court said (page 1117):

"Primarily, the purpose of the provision of the mortgage now under discussion was to provide the conditions upon which the mortgage indebtedness should become due in advance of the maturity fixed by the note, and for the right to foreclose the mortgage."

Again, in the case of Moore v. Crandall, reported in 146 Iowa 25, on page 28, 124 N. W. 812, 814, 140 Am. St. Rep. 276, this court said:

"A stipulation like that in the mortgage in suit, save that it related to the payment of interest, was considered in Swearingen v. Lahner, 93 Iowa 147, 61 N. W. 431, 26 L. R. A. 765, 57 Am. St. Rep. 261, and the court there held that no previous notice of the election to declare the principal and interest due because of a breach of such a provision or demand of payment was essential prior to the maintenance of an action for the entire indebtedness. This was put on the ground that such stipulations are not to be regarded as in the nature of a penalty or forfeiture, and for this reason viewed with disfavor by the court, but are agreements for bringing the indebtedness to an earlier maturity than expressed upon the face of the instruments, and are to be construed and the intention of the parties ascertained by the same rules as other contracts. The election to declare the indebtedness due in such a case is not merely the mental act of the mortgagee, as argued by the appellant, but is clearly manifested by the commencement of the action."

And so, under the law in this state, there can be no question of the right of acceleration of the mortgage provided there is default in the terms of the mortgage, and in this case the alleged default is in the failure to pay the installments due on November 1, 1931, and May 1, 1932, certain taxes, and the failure to carry the insurance required by the mortgage.

It is the claim, and the lower court found, that the record did not show default in any of these items on the part of the appellees.

The record shows that in the year 1930 there was certain road construction work along and adjacent to this farm, and a part of this land was taken for the purpose of constructing a highway, with some damage to the land. The mortgage covered 144 acres of land. There is an average mortgage upon each acre of the land of $52.08. The evidence shows that there were 6.8 acres of the land taken for road purposes, and that there was no damage to the land other than the actual land taken. In fact, there is some claim the construction of the road along the side of this land was of benefit instead of damage to the land on account of the road improvement. The amount of money which was received by the appellees for the sale of the 6.8 acres was forwarded to the appellant bank, and, as said in the appellant's brief and argument the whole matter at issue then is the fact of the payment of the $1,282.15 in July, 1930, the $1,282.15 being the amount received for the sale of the 6.8 acres of land. It was the claim of the appellant that this should be applied in reducing the amount of the principal, while it is the claim of the appellees that the amount which was paid should be applied upon the payment of installments. The lower court in this case found the appellees' claim was correct, and that the amount paid should be applied upon the payment of the installments upon said mortgage. It appears from the record that at the time the payment was made the appellant bank wrote a letter which was signed by the assistant treasurer. Said letter was produced at the trial of the case and was identified, and offered as Exhibit 1, and is as follows:

"July 22, 1930.

"Mount Ayr State Bank,
"Mount Ayr, Iowa.

"VX—6152—Wilson—$7,500.00

"Gentlemen: In accordance with your letter of July 19th, we have drawn on your account with the First National Bank of Chicago, the amount of $1,312.27, which is set up as follows:

"Re-appraisal fee .................................................$ 15.00
"Payment of principal installments 7 to 28 inclusive.... 1282.15
"Interest at 5¼ per cent from May 1st to date
  on the $1282.15 .................................................... 15.12

"Total          $1312.27

"We are enclosing receipt showing payment of this amount to be delivered to borrower as soon as you have been reimbursed.

"We are enclosing herewith the original easement which was forwarded to us together with your partial release of mortgage on this 6.8 acres.

"The reason we did not draw on you for the full $1,375.00 was because we found that this amount after the deduction of the $15.00 appraisal fee was somewhat short of the amount necessary to pay installments 7 to 29 inclusive. We have, therefore, applied payment on installments 7 to 28 only.

"Yours very truly,

"Assistant Treasurer.

"WLC:
"RGC:EB
"Enc."

It will thus be seen from the letter above quoted that at the time the money was received from the sale of the 6.8 acres of land by the appellant bank it was its intention at that time to apply said money upon the installments numbered 7 to 28, which installments included the two which now the appellant bank claim are in default.

In the case of McKee v. Stewart, reported in 211 Iowa page 1185, at page 1188, 235 N. W. 286, 287, this court said:

"Of course, if the parties clearly agree upon an acceleration clause based on the nonpayment of interest, the contract will be enforced. Collins v. Nagel, 200 Iowa 562, 203 N. W. 702. However, there are instances where equity will not declare a forfeiture under such acceleration clause. Blackman v. Carey, 192 Iowa 548, 185 N. W. 87. Likewise, equity will not aid such forfeiture if the agreement giving rise thereto is so indefinite and uncertain as not to clearly indicate the intention of the contracting parties."

This being an action in equity, asking for the acceleration in bringing forward the due date of the mortgage, does not appeal very strongly to this court because of the fact that the appellant bank itself, in the letter herein set out, stated that it was applying the sum of money received in the payment of the installments, to wit, numbered 7 to 28. And also because of the fact that the appellant has already received much more than the appellees were bound and obligated under their contract to pay the appellant at the time and in the manner in which they agreed to pay it.

The other defaults claimed by the appellant were the failure to pay certain taxes and failure to pay insurance. There is no competent evidence in this record to bear out the contention of the appellant in regard to the taxes and insurance.

In these trying times, when the mortgagee receives all that it expected to receive, and, at the time the money was paid to it, in writing acknowledged that this money was paid for the purpose of paying the installments upon said mortgage, courts of equity will take into consideration these facts, and, while extending to the mortgagee all rights given to it by the law, will at the same time protect the mortgagor. In this case the lower court dismissed the petition without prejudice to the rights of the appellant to bring it again at any time. The record clearly shows the lower court was right, and the judgment and decree of the lower court must be, and it is hereby, affirmed.

ALBERT, C. J., and STEVENS, KINDIG, ANDERSON, and KINT-ZINGER, JJ., concur.